### ROSSI *v.* MACKELLAR *et al.*

*(Common Pleas of New York City and County, General Term.* April 6, 1891.)

1. **MECHANICS' LIENS—ERECTION ON THIRD PERSON'S LAND.**
   Laws N. Y. 1885, c. 342, § 1, provide that the interest of an owner of land shall not be liable for improvements made thereon, unless made at his request or by his consent. *Held,* that a judgment enforcing a mechanic's lien against premises in the possession of a purchaser under an executory agreement could not be sustained, in the absence of evidence of consent on the part of the owner or his agent to the erection of the buildings on account of which the lien was claimed.

2. **PRESUMPTIONS ON APPEAL.**
   In the absence of an express finding of a fact necessary to the support of a judgment, the court on appeal will not presume that such fact was found by the trial court, where the evidence, upon examination, appears plainly insufficient to support such a finding.

Appeal from special term.

Action by Louis Rossi against Thomas MacKellar and others, to enforce a mechanic's lien for $744.22 upon certain premises on the corner of 107th street and Fourth avenue, done by the plaintiff under contract with the defendant Susan M. Sharkey, who occupied the property as purchaser under an executory contract. The defendant Thomas MacKellar was alleged in the complaint, admitted in the answers, and found by the special term, to be the owner; but there was no allegation in the complaint and no evidence in the case showing that plaintiff's work was done at the request or with the consent of the owner. Laws N. Y. 1885, c. 342, § 1, provide that any person, "who shall hereafter perform any labor or service, or furnish any materials which have been used, or which are to be used, in erecting, altering, or repairing any house,  *  *  * with the consent of the owner  *  *  * or his agent, or any contractor or subcontractor, or any other person contracting with such owner to erect, may  *  *  * have a lien," etc. The defendants appeal from a decree foreclosing the lien.

Argued before DALY, C. J., and BISCHOFF, Jr., and PRYOR, JJ.

*Geo. M. MacKellar,* for appellants. *Harrison & Langdon,* (*J. F. Harrison,* of counsel,) for respondent.

BISCHOFF, J. Where a lien for unpaid services or material is claimed against the interest of the owner upon whose land the improvements were made, it must affirmatively appear, either that such services were performed, or that such materials were furnished, at the request of the owner or his agent, or that the owner, or some person contracting with him for the making of the improvements, or a person acting under or at the request of the person so contracting with the owner, consented to the performance of such services, or the furnishing of such materials, and, in the absence of such a request or consent, the interest of the owner of the land is not chargeable. Chapter 342, Laws 1885, § 1; *Nellis* v. *Bellinger,* 6 Hun, 560, approved in *Otis* v. *Dodd,* 90 N. Y. 336, and in *Schmalz* v. *Mead* and *Wood* v. *Mead,* 26 N. E. Rep. 251, (decided by the court of appeals, January 13, 1891.) From the decision of the learned trial justice, upon which the judgment appealed from was entered, it appears that the defendant MacKellar was the owner of certain lands situate on the corner of 107th street and Fourth avenue, which he had agreed to sell to the defendant Susan M. Sharkey, and that, pending the performance of the executory agreement of sale, she was let into possession, but it does not appear that such possession was accorded to enable her to undertake the improvements. The decision is silent as to any request of or consent by

MacKellar, and omits to state that MacKellar contracted with any person for the erection of the buildings in and about which the plaintiff's services were performed. The facts found were therefore wholly insufficient to support the conclusion that the land was chargeable with the amount found due the plaintiff from the defendant Susan M. Sharkey. For the purpose of upholding a judgment, the appellate court may, in the absence of an express finding of a fact material to the recovery, presume that such fact was found and duly considered by the trial court, (*Meyer* v. *Lathrop*, 73 N. Y. 315;) but this presumption can only be indulged in when the case discloses sufficient evidence to warrant such a finding, (*Oberlander* v. *Speiss*, 45 N. Y. 175;) and, if none of the evidence appears in the case, it may be presumed to have been sufficient, (*Phillip* v. *Gallant*, 62 N. Y. 256, 265.) An examination of the evidence, so far as it has been presented to us upon this appeal, reveals its total insufficiency to support a finding that the defendant MacKellar, or his agent, or any person contracting with him for the erection of the buildings, or any person acting under the person so contracting with the defendant MacKellar, consented to the performance of plaintiff's services; and the stipulation in the case that the omitted testimony relates only to the matters embraced within the first, second, third, fifth, and seventh findings of fact, and the first and fifth conclusions of law, neither of which are excepted to, precludes us from saying that there may have been sufficient testimony upon the trial to have authorized the finding of the request or consent requisite to the validity of plaintiff's lien. The judgment appealed from must be reversed, and a new trial ordered, with costs to abide the event. All concur.