Argued April 19, decided April 27, 1911.

## ALASKA PLUMBING CO. *v.* BINGHAM.

[115 Pac. 159.]

MORTGAGES—EXECUTORY CONTRACT—RIGHT OF PURCHASER TO INCUMBER LAND.

1. A purchaser of realty under an executory contract, under which legal title remained in the vendor, with right in the purchaser to demand a conveyance upon making the payments required, and the right to remain in possession so long as he continued to make the payments, cannot incumber the land without the consent of the vendor.

MECHANICS' LIENS—INTERESTS SUBJECT TO LIEN.

2. A purchaser of realty having made default in payment, and having thereby forfeited all rights which he had under his executory contract, there remained in him no equitable interest in the property which could be subject to a mechanic's lien in favor of one furnishing improvements thereon under contract with such purchaser, nor did the purchaser's assignment to the vendor of his rights and interests in the contract vest in the vendor any interest which could be made subject to such lien; such assignment amounting merely to a surrender of his possession, without the formality of an eviction.

From Multnomah: WILLIAM N. GATENS, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit by the Alaska Plumbing Company, a corporation, against Willie E. Bingham, Ralph R. Cone and Joseph Brouillat. The facts are as follows:

On August 15, 1908, Ralph R. Cone entered into an executory contract with defendant Mrs. Willie E. Bingham for the purchase of a house and two lots in Brainard, Multnomah County. The purchase price was $1,800, of which Cone paid down the sum of $20, giving his promissory note for $1,780, payable in monthly installments of $20, with 6 per cent interest per annum.

The contract provides that, in addition to paying the installments on the note as they become due, Cone shall, before November 1, 1908, paint the house, and from time to time make such other improvements as will keep it in as good condition as it was in at the time of the execution of the contract. It is further agreed that, when the amount due on the note shall be reduced to $1,200, Mrs. Bingham and her husband shall execute a

deed to the premises, and that Cone and wife shall execute
a mortgage for the balance due. It is further agreed
that time is the essence of the contract, and that, if
Cone shall default in the payment of the principal or
interest, Mrs. Bingham shall have the right to declare
the agreement void and to retain all sums paid by him
as ascertained and liquidated damages for the use of the
premises. At the time the contract was executed, city
water had already been introduced upon the premises.

Cone took possession in 1908, and in December entered
into a contract with plaintiff to install a hot-water boiler
and fixtures, including a bathtub and water closet, all
of which was completed in that month, except the con-
nections between the boiler and the heating coil in the
stove, which were left unplaced until February 3, 1909,
for the alleged reason that it was desirable to have the
kitchen plastered before the connections were made. At
the latter date the connections were finally made; the
work consuming about five hours. A lien was filed by
plaintiff on March 23, 1909.

Cone failed to make any payments after December,
1908, and, after being frequently urged to pay the balance
due and threatened with eviction from the premises, he
finally agreed to surrender the premises and to pay rent
as a tenant. Thereupon he indorsed upon the contract
of purchase, which he had, the following assignment:

"Portland, Oregon, July 19, 1909.
"For value I hereby assign and set over all my right,
title and interest in and to the within contract.
"Ralph R. Cone."

He defaulted in the payment of the agreed rent, and
was finally evicted by legal proceedings. Other facts
appear in the opinion. Plaintiff had a decree, and defend-
ant Bingham appeals.                         REVERSED.

For appellant there was a brief over the names of
*Mr. George G. Bingham* and *Messrs. Joseph & Haney,*
with an oral argument by *Mr. Bert E. Haney.*

For respondent there was a brief over the names of *Messrs. Howard & Humphreys* and *Mr. C. A. Sheppard,* with an oral argument by *Mr. Sheppard.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. We are satisfied from the evidence that neither appellant nor any one authorized to act for her had any knowledge that the water system constructed by plaintiff was being placed in the building until long after it had been installed, and the authorities are clear that a vendee of real property under a contract of sale of the character of the one at bar cannot incumber it without the consent of the actual owner. *Belnap* v. *Condon,* 34 Utah, 213 (97 Pac. 111: 23 L. R. A. [N. S.] 601) ; *Rossi* v. *MacKellar* (Com. Pl.), 13 N. Y. Supp. 827.

2. The next question for consideration is whether at the commencement of this suit there remained in Cone or in Mrs. Bingham, by Cone's assignment, any equitable interest of Cone that could be the subject of a decree of foreclosure. There is no question but that the legal title to the property remained in Mrs. Bingham, and the only right that Cone ever had in the property was a right to demand a conveyance upon making the payments required in the contract, and the right to remain in possession so long as he continued to make the payments. He had no interest in a single foot of the soil or a single board in the building, but a right to demand a conveyance of these upon compliance with his contract. Had he sold what right he had, the purchaser could only have stepped into his shoes, and by complying with his contract enabled himself to finally demand a deed. The assignment to Mrs. Bingham under the circumstances merely amounted to a surrender of his possession, without the formality of an eviction. He had forfeited his right and was about to be turned out, and really had nothing to assign, and his attempted assignment conveyed nothing, because he had nothing. A decree order-

ing his interest to be sold would simply authorize plaintiff to sell his imaginary right in a forfeited contract—a right to demand the fulfillment of a broken and therefore void agreement.

*Adams* v. *Russell,* 85 Ill. 284, cited by counsel, is not in point. In that case King, Dayton & Adams sold a lot to one Watson, who purchased from Russell lumber, giving his note therefor, with which he built a house on the land. Subsequently he defaulted in his payments on the lot and reconveyed to his grantors; they agreeing to discharge the note. The court held that this agreement rendered the land liable on the foreclosure of a lien for the lumber, which the note was given to secure. It will be noted in the first place that, in the case above alluded to, the grantors made an absolute deed to the premises, reserving only a vendor's lien, and that, upon the reconveyance, they expressly agreed to pay the debt which was embraced in the lien.

In *Kerrick* v. *Ruggles,* 78 Wis. 274 (47 N. W. 437), Ruggles purchased from the Neil-Pratt Lumber Company certain land, under a contract, the terms of which are not disclosed, and went into possession of the premises and built a mill thereon. Ruggles, with the knowledge and consent of the Neil-Pratt Lumber Company, bought of Kerrick, and installed in the mill, certain heavy machinery, which was affixed to the realty. It was held that under these circumstances a subsequent cancellation of the contract of purchase did not extinguish Kerrick's lien for the price of the machinery. The terms or circumstances under which the cancellation was made are not given, and whether there had been any previous default in payments does not appear.

In *Wingert* v. *Stone,* 142 Pa. 258, 262 (21 Atl. 812), Stone purchased a town lot and built a house thereon. He failed to pay for the materials used in the erection of the building, and thereafter refused to make further

payments on the lot. His wife conveniently stepped in and contracted with the original vendor to complete the purchase, and then claimed that she held the house free from the lien. The court held that the husband had an equitable estate in the property which was not divested by refusing to pay the installments, but which should have been reconveyed. The court observed that this was a new way to get a house without paying for it, but does not seem to have gone very deeply into the case, either by way of statement of facts or discussion of the law.

In *Boyd* v. *Blake,* 42 Minn. 1 (43 N. W. 485), the vendor of land accepted a surrender of the contract of sale, agreeing, as a consideration for such surrender, to pay a lien claim which the vendee had incurred. The court held that this agreement subjected the surrendered land to the lien. In the case at bar there is no such agreement. The case of *King* v. *Smith,* 42 Minn. 286 (44 N. W. 65), seems to turn upon the construction of what the court calls an "awkwardly worded" statute of Minnesota, and, while there are some expressions used therein that appear to support plaintiff's contention here, they are not convincing.

It is always in the power of one furnishing materials for the erection of a building to ascertain the interest therein of the person with whom he is contracting, and if he neglects this necessary precaution the courts ought to allow him to suffer the consequences of his negligence, rather than to saddle the loss upon innocent parties by a forced construction of the law.

The decree will be reversed, and one entered here dismissing the suit.        Reversed: Decree Rendered.