[S. F. No. 6058.  Department One.—February 7, 1913.]

## ALICE L. MEYER, Respondent, v. CITY STREET IMPROVEMENT COMPANY (a Corporation), Appellant.

Mechanics' Liens—Lien for Street Improvement.—Section 1191 of the Code of Civil Procedure gives a lien to any person who, at the request of the owner of a lot in any incorporated city or town, "grades, fills in, or otherwise improves the same," or the street or sidewalk in front of such lot, or who "makes any improvements in connection therewith."

Id.—Notice of Completion of Work not Required.—Section 1187 of the Code of Civil Procedure, as it existed prior to the revision of the Mechanics' Lien Law in 1911 (Stats. 1911, p. 1313), requires a notice of completion of work to be filed by the owner in every case in which a lien may be filed under section 1183, but is silent as to liens under section 1191; therefore in case of improvements under the latter section a notice of completion is not required.

Id.—Time for Filing Lien for Street Improvement—Statement of Lien.—The proviso of section 1187 of that code, as then existing, "that in any event all claims of lien must be filed within ninety days after the completion of said . . . improvement," is applicable to any and every improvement for which a lien is given, including those under section 1191 as well as those under section 1183, and the pro-

visions of that section prescribing the form of the statement of liens and requiring that such statement be filed, apply to all such liens.

ID.—TIME FOR COMMENCEMENT OF ACTION TO ENFORCE LIEN.—Section 1190 of that code, as then existing, providing that "no lien provided for in this chapter binds any . . . improvement . . . for a longer period than ninety days after the same has been filed, unless proceedings be commenced in a proper court within that time to enforce the same," applies to actions for the enforcement of liens for work done under section 1191.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Bishop, Hoefler, Cook & Harwood, for Appellant.

Stafford & Stafford, for Respondent.

SHAW, J.—The action herein was in the ordinary form of a suit to quiet title. An answer and cross-complaint were filed by the appellant in which it set up that it had a lien on plaintiff's lot by virtue of a contract for the improvement of the street in front thereof, entered into with plaintiff's grantor who owned the lot at the time of the contract. The trial court held that the appellant had no lien and gave judgment quieting respondent's title, from which judgment, and from an order refusing a new trial, the present appeals are taken.

The improvement referred to consisted of paving and curbing the street in front of the lot. It was completed on August 13, 1909, under a contract with Frederick P. Zwicker, made on June 17, 1908. At that time the lot belonged in equal shares to Frederick P. Zwicker and his wife, Helene M. F. Zwicker. On September 8, 1909, Frederick conveyed his interest to his wife, and on December 22, 1909, she conveyed the entire lot to the plaintiff. On January 5, 1910, the defendant filed in the recorder's office a claim of lien on said lot for the contract price of said improvement, which claim was in the form prescribed for claims of liens by section 1187 of the Code of Civil Procedure. The cross-complaint to foreclose the alleged lien for this work was filed on July 27,

1910. The owners of the lot did not file any notice of the completion of the improvement as provided by section 1187, and no term of credit was given for payment of the amount due for said improvement.

It will be noted that, although the work was completed on August 13, 1909, the claim of lien was not filed until January 5, 1910, and the cross-complaint to foreclose said lien was not filed until July 27, 1910. The court below held that there was no lien for two reasons: 1. Because the defendant did not file the claim of lien within the time prescribed by section 1187 aforesaid: and 2. Because an action to foreclose was not begun within the time limited by section 1190 of the Code of Civil Procedure, as it read prior to the amendment of 1911 thereto. The defendant contends that under the provisions of the code prior to said amendment of 1911, it was not necessary to file a claim of lien for improvements of a street in front of a lot, made at the request of the owner; also that, if such lien must be filed, the owner who does not file notice of completion under section 1187 is forever estopped to show that the lien was not filed in time; also that section 1190 does not apply to liens for work done under the provisions of section 1191.

The decision of these questions depends on the meaning and effect of the Mechanics' Lien Law in force prior to the revision thereof by the legislature of 1911. (Stats. 1911, p. 1313.) The sections involved in this case are so amended by that revision that an interpretation of the former sections would not determine the effect of the revised act. The lien law has been amended so often and with apparently such slight consideration of the relation of one section to another and with such free use of the same or similar expressions to refer to distinct things, that a complete discussion of the various expressions involved and of the decisions construing similar expressions in other sections would extend this opinion to a length which we deem unnecessary, in view of the fact that, so far as the questions under consideration are concerned, the original act is practically superseded by the revision. We therefore give only a brief statement of our conclusions as to the meaning and effect of the different sections as applied to the present case.

1. Section 1191 gives a lien to any person who, at the request of the owner of a lot in any incorporated city or town, "grades, fills in, or otherwise improves the same," or the street or sidewalk in front of such lot, or who "makes any improvements in connection therewith." It was not amended in 1911.

As originally enacted, section 1187 provided only for the time of filing claims of lien and the form thereof. The provision requiring the filing of notices of completion was added by amendment in 1897. Instead of placing this provision at the end of the section, it was inserted as the opening paragraph, and the original provisions concerning claims of lien were made the second paragraph. The first paragraph requires a notice of completion to be filed by the owner in every case in which a lien may be filed under section 1183, but it is silent as to liens under section 1191 and, therefore, in the case of improvements under the latter section a notice of completion is not required.

The introductory part of the second paragraph of section 1187 allows to original contractors sixty days and to other persons thirty days, after the filing of notice of completion, as the utmost limit of the time for filing claims of lien upon any "building, improvement, or structure." This cannot apply to liens under section 1191, for, as we have seen, the owner need not file such notice of completion of work done under that section. The only provision of section 1187 that fixes the time for filing claims of lien under section 1191, is the *proviso* immediately succeeding the clause prescribing the form of the claim. It is as follows: "Provided, however, that in any event all claims of lien must be filed within ninety days after the completion of said building, improvement, or structure, or the alteration, addition to, or repair thereof."

We cannot believe that the legislature intended to create a lien for work upon a lot, or upon the street in front of it, which should continue without limit, or at least for the full time of the period of limitation of the cause of action against the owner, without any provision for making it a matter of record, or for giving notice to the owner, or his successor. Yet this would be the result if the provisions of section 1187, requiring the filing of claims of lien and fixing the time

therefor, do not apply to liens under section 1191. The act, as a whole, shows that its policy is to require a record notice of all liens. It would not be good public policy to allow secret liens of this character. It should not be so construed unless its language permits no other reasonable interpretation. The word "improvement," has a broad meaning. In its ordinary use it includes the work of grading an abutting street, as well as buildings, and the like, upon the lot itself. While the intent to require liens to be filed for work under section 1191 is not clearly stated, yet we think the section plainly implies that such claims must be filed for all work mentioned in the section or included in its terms. We therefore hold that the word "improvement" in the proviso was used in the broadest sense, to include any and every improvement for which a lien is given by the chapter, those under section 1191, as well as those under section 1183, and that the provisions prescribing the form of the statement and requiring that such statement be filed, apply to all such liens.

In *Warren* v. *Hopkins,* 110 Cal. 506, [42 Pac. 986], in construing section 1188, the court held that the word "improvements" as used in that section, refers only to the works and buildings mentioned in section 1183. But this narrow meaning of the word, as there used, is necessarily implied from the context, especially the last clause, which speaks of the liens therein referred to as liens for improvements "upon the land *upon* which the same are situated." This explains the case and shows that it does not fix the meaning of the word in other sections with a different context. The decisions in *Kreuzberger* v. *Wingfield,* 96 Cal. 257, [31 Pac. 109], and *Macomber* v. *Bigelow,* 126 Cal. 13, [58 Pac. 312], merely hold that the liens provided for by section 1191 are not governed by the provisions of section 1183 relating to the form of the contract and mode of contracting. They are not otherwise important here.

2. Section 1190 is as follows: "No lien provided for in this chapter binds any building, mining claim, improvement, or structure for a longer period than ninety days after the same has been filed, unless proceedings be commenced in a proper court within that time to enforce the same; or, if a credit be given, then ninety days after the expiration of such credit; but no lien continues in force for a longer time than two

years from the time the work is completed, by any agreement to give credit.''

Here is an express declaration making the provision applicable to all liens provided for in the chapter. And at the close of the provision in regard to the effect of giving credit, there is a reference to the time when ''the work is completed.'' a phrase which refers as aptly to work under section 1191 as to that done under section 1183. The reasons already given as to the construction of section 1187 are pertinent here. The word ''improvement'' was here again evidently used to include any kind of improvement for which a lien is given by any section of the chapter, and it includes work done under section 1191.

For these reasons we hold that the claim of lien of the defendant should have been filed at least within ninety days after the completion of the work, and that the action should have been begun to enforce it (a cross-complaint in this instance), within ninety days after the filing of such lien. This conclusion makes it unnecessary to consider the other points presented. The court below correctly refused to allow the defendant any relief.

The judgment and order are affirmed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.