[Civ. No. 2700.    First Appellate District, Division Two.—April 11, 1919.]

H. J. PERAZZI et al., Respondents, v. DOE ESTATE COMPANY (a Corporation), et al., Defendants; S. J. PRINGLE et al., Appellants.

[1] MECHANICS' LIENS — COMPLETION OF CONTRACTS — FINDING — EVIDENCE.—Where a sublessee, purposing changes in the leased premises, employs certain persons to perform the plumbing, electrical wiring and painting, and no definite price is agreed upon nor plan adopted for the contemplated changes, but the work is laid out from day to day as it progresses, and such persons employed to do the work follow the instructions given to them from time to time by the sublessee, or his superintending contractor, as to the manner of its performance, in an action to foreclose their liens for such work, testimony of the plaintiffs that all the work which the sublessee had requested had been performed prior to his death, is

sufficient to sustain a finding that the contracts of the plaintiffs
were completed on the date of such death.

[2] ID.—SUBSEQUENT PERFORMANCE OF WORK.—Evidence that the em-
ployees of such plaintiffs were working on the premises at the time
of the death of the sublessee, and that all the changes contem-
plated had not then been made, but were completed at a later date,
is not, under the circumstances, necessarily inconsistent with the
finding that the contracts of the plaintiffs were completed on the
date of such death.

[3] ID.—UNSUPPORTED FINDING.—A finding that certain work was com-
pleted on a given date is unsupported by the evidence where the
only evidence offered is the testimony of one of the claimants
that the work was finished on a date twenty-five days earlier.

[4] ID.—NOTICE OF COMPLETION — FAILURE TO FILE — PLEADING AND
PROOF.—Where notice of claim of lien is not filed within sixty days
after the completion of their contract, the burden of alleging and
proving the failure of the owner to file the notice of completion
under the provisions of section 1187 of the Code of Civil Procedure,
is upon the plaintiffs.

[5] ID.—ALTERATIONS BY LESSEE — KNOWLEDGE BY OWNERS — NONLIA-
BILITY NOTICE.—Knowledge by the owners of given premises that
certain alterations and repairs are to be made by their lessee is
sufficient to require such owners to file the notice prescribed by sec-
tion 1192 of the Code of Civil Procedure as a condition of reliev-
ing their property from liability for the cost of the work performed
at the request of the lessee, though such owners have no knowledge
as to the scope of said work.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   Jas. M. Troutt, Judge.
Reversed in part; affirmed in part.

The facts are stated in the opinion of the court.

Pringle & Robbins and Arthur H. Redington for Appel-
lants.

H. K. Eells and Maxwell McNutt for Respondents.

HAVEN, J.—The appeal is from a decree of foreclosure of
three contractors' liens against the leasehold interest of ap-
pellants in certain premises in San Francisco.   The claims
of lien sued upon are based upon work performed in the mak-
ing of alterations and repairs to a portion of the building on
said premises, occupied by one J. O. Long as a sublessee of

appellants.  Mr. Long died on March 31, 1914, while said
alterations and repairs were in progress.  Upon his death the
workmen were withdrawn and all work stopped.  The lien
claims here involved cover work which was all performed
prior to the death of Mr. Long, at his instance and request.
[1]  Appellants claim that two of these liens were filed pre-
maturely because the contracts upon which they are based
had not been completed prior to such filing.  The court found
that each of the said contracts was completed on March 31,
1914.  It is asserted that this finding is unsupported by the
evidence, for the reason that the entire alterations and re-
pairs contemplated in the arrangement between Mr. Long and
said two respective claimants were not finished at that time.
It appears from the evidence that Mr. Long purposed some-
what extensive alterations in the interior arrangements of a
market, oyster-stand, and barber-shop which occupied the por-
tion of the building of which he was the lessee; that prepara-
tory to these general alterations he desired to change the loca-
tion of the barber-shop and oyster-stand, and employed the
plaintiffs to perform the plumbing, electrical wiring, and
painting necessary for that purpose; that there was no definite
price agreed upon nor plan adopted for all these preliminary
changes, but that the work was laid out from day to day as
it progressed, and plaintiffs followed the instructions given
to them from time to time by Mr. Long, or his superintend-
ing contractor, as to the manner of its performance.  Both
of the plaintiffs, to whose claims the objection now under con-
sideration is made, testified that all the work which Mr. Long
had requested had been performed prior to his death.  This
evidence is sufficient to sustain the findings of the trial court
that the contracts of these plaintiffs had been completed on
March 31, 1914.  [2]  It further appears that the employees
of both plaintiffs were working on the premises at the time
of the death, and that all the changes contemplated in the
preliminary work had not then been made, but were com-
pleted at a later date.  In view of the nature of the arrange-
ment between Mr. Long and plaintiffs, it cannot be said that
there remained any uncompleted contract between them at
the date of the former's death.  The evidence last referred
to is not necessarily inconsistent with full performance of
whatever contracts of the character above indicated were
made.

[3] The lien of Castagnino Bros. was upon a claim under a contract for painting, which the court found was fully performed on March 31, 1914. The only evidence in the record as to the time of completion of this contract is the testimony of one of the claimants that the work was finished on March 6, 1914. This finding is, therefore, not supported by the evidence. [4] The notice of lien by these claimants was filed for record on May 11, 1914, more than sixty days after the completion of their contract, as fixed by their own testimony. Respondent seeks to sustain this lien on the ground that the owners filed no notice of completion under the provisions of section 1187 of the Code of Civil Procedure, and that, therefore, the claimants had ninety days within which to file their lien. The record is entirely silent as to the filing, or want of filing, of this notice. We have held in the case of *Greely v. Noble, post,* p. 628, [181 Pac. 666], that the burden of alleging and proving the failure of the owner to file this notice is upon the plaintiffs. Having failed to so allege and prove, their lien was too late and should not have been allowed.

[5] It is further claimed that the record does not disclose when the appellants acquired knowledge of the making of the improvements from which the lien claims arose, and that they never obtained any knowledge of the scope and extent of such improvements. No evidence was introduced upon this matter. Its determination rests, therefore, upon the pleadings. The answer of appellants contains the following allegations: "Answering paragraph 11 of said first cause of action these defendants admit that the defendants S. J. Pringle and E. C. Pringle had knowledge that certain alterations and repairs were to be made in said building, but deny that said S. J. Pringle and E. C. Pringle had full knowledge of the alterations and repairs in said complaint set forth, and in this particular said defendants S. J. Pringle and E. C. Pringle allege that said J. O. Long informed them that he desired to make certain alterations and repairs and that these defendants then requested that a full plan of the repairs be submitted to them for their approval, and that said J. O. Long failed to submit said plan showing said alterations and repairs, and these defendants allege that while they knew that said J. O. Long had commenced work in said building, that they did not know just what the scope of the said work was." The knowledge admitted by the foregoing allegations was sufficient, in our

opinion, to require the filing of the notice prescribed by section 1192 of the Code of Civil Procedure as a condition of relieving appellants' property from liability for the cost of the work performed at the request of Mr. Long. Such knowledge need only be sufficient to put a prudent man on inquiry. (*Gentle* v. *Britton*, 158 Cal. 328, 332, [111 Pac. 9].) Where it is shown that the owners had knowledge of the improvements, the giving of the notice of nonliability under the above section becomes a matter of defense to be pleaded and proved by defendants. (*West Coast Lumber Co.* v. *Newkirk*, 80 Cal. 275, 277, [22 Pac. 231]; *Boscus* v. *Bohlig*, 173 Cal. 687, 691, [162 Pac. 100].) The appellants did not meet this burden.

The judgment is reversed in so far as it decrees a lien in favor of the plaintiffs Henry F. Castagnino and Emanuel Castagnino, as copartners doing business under the firm name and style of Castagnino Bros. In all other respects the judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 9, 1919, and the following opinion then rendered thereon:

HAVEN, J.—The appellants in this action have filed a petition for rehearing, claiming that the court has misinterpreted the contracts of the lien claimants Perazzi and Decker Electrical Construction Company, as set forth in their respective claims of lien; and, further, that, under the interpretation of the contracts adopted by the court, the lien claimants were not original contractors and, therefore, their liens, not having been filed within thirty days, were invalid. Appellants also request a modification of the former opinion as to the prorating of the costs on appeal. In this latter request the respondents have joined in a separate petition, urging, however, a different basis of division of costs.

It appears from the notices of lien filed by said Perazzi and Decker Electrical Construction Company that each of said claimants alleged a contract consisting of two items; first, the performance of certain work in changing the location of the barber-shop, for which in each case a definite contract price was agreed upon; and, secondly, for the performance of certain other work, with regard to which no definite

price was agreed upon, but each of the claimants was to be paid the reasonable value thereof. The evidence disclosed that all of the work upon the barber-shop had been performed prior to the death of Mr. Long. The remaining work under each contract was in the process of performance at the time of Mr. Long's death. It is with reference to that work that the construction of the contracts set forth in the former opinion is applicable. There was a definite contract between each of the lien claimants and Mr. Long, as alleged in their respective claims of lien and as established by their testimony. ·A part of each contract was for the performance of certain work at a definite price, all of which had been performed before Mr. Long's death. The extent and nature of the balance of the work under the contracts was dependent upon instructions to be given from day to day by Mr. Long or his agent. The possibility of the continuance of such instructions from that source was terminated by the death of Mr. Long. While, therefore, the lien claimants were original contractors, we are satisfied that there were no uncompleted contracts at the time of the death of Mr. Long, in the sense that the finding of the trial court of completion on March 31, 1914, was not supported by the evidence. Being original contractors, the liens which were filed fifty-five days after the date of completion were in time.

In the former opinion it is held that two of the liens involved in these consolidated cases were valid and one was invalid. It is urged by both parties to the appeal that under such circumstances the costs of the appeal should be prorated between them. This contention is well founded and is supported by precedent in similar cases.

. It is, therefore, ordered that appellants' petition for a rehearing be, and the same is hereby, denied; that the opinion heretofore filed herein be, and the same is hereby, modified by adding at the close thereof the following: "And it is further ordered that appellants recover such proportion of their costs on appeal as the amount of the lien of Henry F. Castagnino and Emanuel Castagnino, as copartners doing business under the name of Castagnino Bros., bears to the total amount of the three liens involved in the appeal; and that the respondents recover such proportion of their costs on appeal as the total amount of the two liens of H. J. Perazzi

and Decker Electrical Construction Company bears to the total amount of the three liens involved in the appeal.''

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 9, 1919.

All the Justices concurred.