[Civ. No. 2769. First Appellate District, Division Two.—April 11, 1919.]

M. A. GREELY, Appellant, v. GERALD E. NOBLE, Respondent.

[1] PLEADING—WAIVER OR ESTOPPEL AS TO DEFENSE.—If the plaintiff relies on waiver or estoppel as to any defense which would otherwise be available to the defendant under the facts stated in the complaint, the facts constituting such waiver or estoppel must be pleaded in the first instance.

[2] MECHANICS' LIENS — NOTICE OF COMPLETION — DELAYED FILING OF CLAIM—DEFENSE—ESTOPPEL—PLEADING—PROOF.—Where, in an action to foreclose a mechanic's lien, notice of claim of which was filed more than sixty but less than ninety days after the completion of the work, the plaintiff relies upon the failure of the defendant to file the notice of completion provided for in section 1187 of the Code of Civil Procedure, he must plead and prove the facts constituting such estoppel.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John T. Nourse, Judge. Affirmed.

The facts are stated in the opinion of the court.

Samuel Knight and F. E. Boland for Appellant.

Frank W. Sawyer for Respondent.

HAVEN, J.—Plaintiff appeals upon the judgment-roll alone in an action to foreclose an original contractor's lien for street improvements, claimed by plaintiff under the provisions of section 1191 of the Code of Civil Procedure. The plaintiff alleged, and the court found, that the work upon which the lien was based was fully completed and performed on June 4, 1917; and that plaintiff's claim of lien was filed in the office of the county recorder on August 6, 1917, more than sixty days after the completion of the work. From these facts the court reached the conclusion of law that the claim of lien was not filed within the time required by section 1187 of the Code of Civil Procedure and was, therefore, invalid. There is neither allegation in the complaint nor finding as to the filing,

or want of filing, by the owner of the notice of completion provided for in said section.

The appeal presents the single question as to whether or not it is incumbent upon the plaintiff, in order to obtain the benefit of the ninety-day period for filing liens specified in the closing sentence of section 1187 of the Code of Civil Procedure, to allege and prove that the owner did not file the notice of completion therein provided for. Counsel for appellant state that this question has never been considered by the appellate courts of this state, and we have found no case in which the exact question is involved. In *Meyer* v. *City Street Improvement Co.*, 164 Cal. 645, [130 Pac. 215], it was held that a claim of lien for street work under section 1191 of the Code of Civil Procedure was in time if filed within ninety days after the completion of the work. That decision is based upon an interpretation of the mechanic's lien law as it existed prior to the amendments of 1911, and expressly states that it does not determine the effect of the revised act. The present provisions of section 1187 apply to liens claimed under any section of the chapter on mechanics' liens. (*Boscus* v. *Waldmann*, 31 Cal. App. 245, 254, [160 Pac. 180].)

In order to maintain an action for the foreclosure of a lien under section 1187 of the Code of Civil Procedure, it was necessary for plaintiff to allege that his claim of lien was filed within the time therein specified. That time is limited to a period of sixty days after the completion of the work, with the proviso that, if the owner fails to file the notice of completion therein provided for, he "shall be estopped in any proceedings for the foreclosure of any lien provided for in this chapter from maintaining any defense therein based on the ground that said lien was not filed within the time provided in this chapter; provided, that all claims of lien must be filed within ninety days after the completion of any building, improvement or structure, or the alteration, addition or repair thereto." This is a statutory declaration of an estoppel against the owner, based on his failure to file the notice referred to. [1] It is settled law in this state that: "If the plaintiff relies on waiver or estoppel as to any defense which would otherwise be available to the defendant under the facts stated in the complaint, the facts constituting such waiver or estoppel must be pleaded in the first instance." (*Goorberg* v. *Western Assur. Co.*, 150 Cal. 510, 519, [119 Am. St. Rep.

246, 11 Ann. Cas. 801, 10 L. R. A. (N. S.) 876, 89 Pac. 130, 133]; *Newhall* v. *Hatch*, 134 Cal. 269, 273, [55 L. R. A. 673, 66 Pac. 266].)

[2] The complaint alleges facts which show that plaintiff has no cause of action under the sixty-day limitation contained in the first part of section 1187 of the Code of Civil Procedure; and fails to plead any facts showing that the ninety-day limitation is applicable to his case. In other words, plaintiff pleads himself without the terms of one portion of the section, and does not plead himself within the other portion thereof. The sixty-day limitation is a defense which is available to the defendant, unless he is estopped from relying upon it by reason of his failure to file the notice of completion. In order to prove the filing of his lien within the statutory period, plaintiff must rely upon this estoppel. If he so relies, he must plead and prove the facts constituting such estoppel. Having failed to do so, the trial court was correct in holding that his lien was too late, and for that reason invalid.

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.