[Civ. No. 7102. First Appellate District, Division Two.—October 30, 1929.]

W. F. RAPP, Respondent, v. JOSEPHENE HORGAN, Executrix, etc., et al., Defendants; R. SEMPERS et al., Appellants.

John Schlegel and O. H. Myrick for Appellants.

John F. Poole and William Dellamore for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to foreclose a mechanic's lien. The owners appeared and answered. A trial was had before the court sitting without a jury. The trial court made findings of fact in favor of the plaintiff and from a judgment entered thereon the defendants have appealed under section 953a of the Code of Civil Procedure.

Before any evidence was introduced the defendants objected to the taking of evidence on the ground that the complaint did not state a cause of action. The trial court allowed the plaintiff to amend and thereupon overruled the objection. The defendants complain that they were taken by surprise. In making this contention they are not supported by the record. After their objection had been overruled the defendants did not move for a continuance and the record does not disclose any fact showing that the defendants were prejudiced.

Prior to the 14th of March, 1924, Harry Brannan was lessee of the real estate and the improvements thereon which are involved in this litigation. The improvements consisted of a building known as Ladora Hotel. Brannan employed the plaintiff to make certain alterations, repairs and additions to the property. Later Brannan assigned his lease to the defendant Neal Woods. After he became lessee, Neal Woods continued the same arrangement. In response to the allegations contained in the pleadings the trial court found that the defendants owned the property against which a lien was sought; that Neal Woods ordered the labor and material; that Neal Woods was the lessee of the property; that the plaintiff was the contractor for furnishing all of the rough and finished plumbing materials and for performing labor in installing of said rough and finished plumbing materials used in the construction, alteration and repair of the upper floor of the Ladora Hotel; that on the fourteenth day of March, 1924, Neal Woods and the plaintiff entered into the contract; that the ma-

terials and labor were of the agreed price, $5,541.82, and that said sum was also the reasonable value; that between the first day of March, 1924, and the fifth day of June, 1924, the plaintiff furnished the materials and performed the labor which were actually used and employed in the construction of the alterations and repairs; that the total amount of plaintiff's claim was $5,541.82, of which $2,500 has been paid and that $3,041.82 has not been paid; that on the twenty-third day of July, 1924, the plaintiff verified his claim of lien and the same was recorded on the twenty-fifth day of July, 1924, and paid therefor $1.70; the plaintiff completed his contract June 5, 1924; that no notice of completion of plaintiff's contract was recorded, and that within ten days after the defendant owners had notice and knowledge that the alterations and repairs were being made and that plaintiff was furnishing the labor and materials they did not file or record a notice of nonresponsibility.

These defendants complain that the trial court did not make a finding that the plaintiff was an original contractor. Although it did not make a finding in those identical words, the facts found by the trial court were to the effect that the plaintiff was an original contractor. (*La Grill* v. *Mallard,* 90 Cal. 373 [27 Pac. 294]; *Pugh* v. *Moxley,* 164 Cal. 374, 379 [128 Pac. 1037]; *Perazzi* v. *Doe Estate Co.,* 40 Cal. App. 617, 622 [181 Pac. 398].)

The defendants also attack the findings to the effect that the plaintiff furnished materials and labor. This attack is based on the fact that as the plaintiff's work proceeded the then lessee paid the laborers their hire. Stressing that fact, the defendants contend that the plaintiff was only a materialman. However, the proper test depends on the terms of his contract. If for any particular period the labor had not been paid the defendants would not even assert the point. The facts show the plaintiff was a contractor for furnishing materials and doing labor, but that a sum of money has been paid and said sum happens to correspond with the amount of the labor. That fact does not change the status of the plaintiff from that of a contractor to a materialman.

It is claimed that the finding that no notice of completion of plaintiff's contract was recorded was a finding on a fact not within the issues made by the pleadings.

608

Conceding the contention to be well founded, nevertheless the finding was on an immaterial matter. The plaintiff as an original contractor had the option of filing his lien within sixty days after completing his contract. (Code Civ. Proc., sec. 1187.) The court found that he completed his contract on or about June 5, 1924, and that he filed his lien July 25, 1924. It was filed in time.

By reason of the views hereinabove expressed it would only be repetition to discuss other points presented by the defendants.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

'A petition for a rehearing of this cause was denied by the District Court of Appeal on November 26, 1929, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 26, 1929.

All the Justices present concurred.