Argued February 13, affirmed March 26, motion to strike cost bill of respondent allowed April 16, rehearing denied May 28, 1929.

# EASTERN & WESTERN LUMBER CO. *v.* EARL HENDERSON ET AL.

(275 Pac. 677.)

For appellant there was a brief over the names of *Messrs. Cake & Cake* and *Mr. L. A. Liljeqvist*, with an oral argument by *Mr. W. M. Cake*.

For respondent P. M. Lynch there was a brief and oral argument by *Mr. Will H. Masters*.

For respondent Charles A. Shea there was a brief over the name of *Messrs. Lewis, Lewis & Finnegan*, with an oral argument by *Mr. Arthur H. Lewis*.

COSHOW, C. J.—The claim filed by said Lynch is for material and labor performed as follows: 1 Hart Oil Burner complete, 1 thousand-gallon tank, automatic control and labor in installing same $884. The notice of lien further states "that said materials were furnished and said labor performed at the instance and request of Earl Henderson and Margaret Henderson, his wife, and were furnished to them." The answer and cross-complaint of said Lynch states that said defendant P. M. Lynch "at the special instance and request of said defendants, Earl Henderson and Margaret Henderson, his wife, between the 1st day of September, 1926, and the 1st day of February, 1927, furnished material and performed labor for use in, to be used in, and which was used in the construction of said building, in the furnishing and installing 1 Hart Oil Burner complete, 1 thousand gallon tank automatic control, and labor in installing the same, and that the reasonable value of said material furnished and labor performed and used in the construc-

tion of said building, was and is the sum of Eight Hundred Eighty-four Dollars ($884.00).''

■ It will be observed from the excerpts from the notice of lien and complaint that there was but one contract for both labor and material. The labor being limited to installing the necessary material for heating the furnace. Both the material and the labor are lienable. The labor involved is analogous to delivery of material. It is hard to imagine that anyone would claim that a lumber merchant, who delivered lumber on the ground for a fixed price, would be required to segregate the price in the yard from the value of the labor involved in delivery. The court must take judicial knowledge of the custom of merchants to deliver the material sold by them. No separate charge is made for delivering merchandise in the instant case. Lynch sold the oil burner complete and installed in one and the same contract for one price: Boist, Mechanics' Liens, 101, § 95. Appellant, Equitable Savings & Loan Association, relies on Section 10195, Or. L.; Rockel, Mechanics' Liens, 109 and 243, pages 285 and 583; *Warrenton Lumber Co.* v. *Smith,* 117 Or. 530, 533, 535 (245 Pac. 313); *Dallas L. & M. Co.* v. *Wasio W. M. Co.,* 3 Or. 527. None of these authorities supports appellant's contention. The case of *Christman* v. *Salway,* 103 Or. 666 (205 Pac. 541), is directly opposed to appellant's contention. The price of the oil burner included the installation thereof. The labor involved was incidental to the sale and delivery of the oil burner.

■ The complaint of Lynch specifically states that the oil burner was furnished at the special instance and request of the defendants Henderson. The only contract was the sale and installation of the oil burner. Both the lien and the complaint state that

Lynch did furnish and install the burner. That is an allegation of complete performance by Lynch.

■ The contention that Lynch should have alleged a definite contract between him and defendants Henderson for the payment of said $884 for said oil burner is extremely technical. The testimony supports both the lien notice and complaint in this that Lynch at the request of defendants Henderson agreed to furnish the oil burner for $884. Lynch's complaint would have been better if it had contained a direct allegation that $884 was the agreed price. No objection, however, was made to the complaint either by demurrer or motion and it must now be construed favorably to Lynch. No one could possibly have been misled. Evidence would have been received in a law action on a similar allegation of the contract price because the contract price would be some evidence of the reasonable value of the article: 5 C. J. 1386, § 17; 2 R. C. L. 761, § 21; 2 Ency. Ev. 57. Lynch had fully performed his part of the contract. Nothing remained to be done by either party, except to pay the price. There is no dispute about the price. The sum of $884 is the reasonable value, and the price defendants Henderson agreed to pay for the material and labor.

■ The contention that Lynch's claim of lien is based upon two separate contracts is not well taken. There was only one contract for the sale and installation of the oil burner. The only modification of the original terms of sale was as to the time of payment. The contract as originally made was very informal and amounted simply to an order for the oil burner given by the defendants Henderson to the defendant Lynch for the price of $884. There is no pretense that any other change was made in the original contract than

merely the terms as to time and manner of payment. It is claimed, however, that defendant Lynch had allowed his right to a lien to elapse because the building was substantially completed about October 1st. We think the evidence, however, supports defendant Lynch's claim in this that the work in as far as he was concerned, was merely suspended. Defendants Henderson found themselves embarrassed financially. At their request installation of the oil burner was suspended after the tank was placed and connection pipes laid. Later defendants Henderson believed their financial difficulties had been overcome and permitted the completion of the installation. Suspension is not abandonment.

"Suspension of the work for a short period, and its subsequent resumption without change of its original design and character, do not constitute a new commencement of the work, or affect a lien which attached when the building was originally commenced." 2 Jones on Liens (3 ed.) 667, § 1439; *Stark-Davis* v. *Wilson*, 119 Or. 308, 311 (248 Pac. 1095).

■ The only ground for attacking the lien of the defendant Charles A. Shea is based on the claim that no notice was given of the party to whom J. F. Shea, deceased, furnished the material and at whose request he performed the labor. Robnett & McClure, a corporation, was the original contractor with whom said J. F. Shea dealt. The notice of lien filed by said Shea was addressed to Robnett & McClure without naming their capacity. His answering complaint, however, alleged that he designated them to be partners. Assuming that such is the purpose of the allegation, does the fact that they were designated as partners, when in truth and in fact Robnett & Mc-

Clure is a corporation, deprive defendant Shea of his lien? There is no pretense that anyone was misled by this mistake. The only authority cited by appellant Equitable Savings & Loan Association is an Illinois case: *Sawyer-Goodman Co.* v. *Neagle,* 110 Ill. App. 181. In that case, however, there were two firms. One was F. C. Neagle & Son Company, a corporation, and the other was a partnership known as F. C. Neagle & Son. There the notice of lien was misleading, or in other words, the notice was given to F. C. Neagle & Son instead of F. C. Neagle & Son Company. In the instant case, however, there is only one concern. Its name is Robnett & McClure. Nobody could possibly have been misled. We think it would be substituting form for substance to deny defendant Shea the benefit of his lien because he did not designate Robnett & McClure a corporation in the original notice of the lien. By alleging the mistake in his cross-complaint defendant Shea notified defendant Equitable Savings & Loan Association as well as others of that mistake. An opportunity was thereby given to show that they or any of them were misled. No showing of that kind has been made. We hold the mistake to be immaterial.

The decree is affirmed.

AFFIRMED. MOTION TO STRIKE COST BILL OF RESPONDENT ALLOWED.

BEAN, BELT and BROWN, JJ., concur.