Argued July 14, affirmed September 7, 1960

# MAERZ v. THE J-C COMPANY, INC.
355 P. 2d 94

*Reginald S. Williams,* Salem, argued the cause for appellant. On the brief were Osterman & Williams, Salem.

*Douglas L. Hay,* Salem, argued the cause and submitted a brief for respondent.

Before McAllister, Chief Justice, and Warner, O'Connell, Goodwin and Millard, Justices.

O'CONNELL, J.

The plaintiff brings this action to recover damages for the breach of a construction contract. Defendant appeals from a verdict and judgment for the plaintiff.

On August 12, 1955, plaintiff entered into a contract with the state of Oregon for the construction of park and camp facilities near Detroit Lake. The contract set December 31, 1955 as the completion date. On September 7, 1955, plaintiff and defendant entered into a subcontract by the terms of which defendant agreed to do certain excavation work at the park area, haul and place base material, and perform other work in the construction of the park. The plaintiff's

complaint alleges that defendant commenced performance of the subcontract but that it continually breached the contract by continuing delays in performance.

The subcontract incorporated by reference the terms of the prime contract entered into between plaintiff and the state of Oregon. One of the terms of the principal contract was as follows:

"* * * if any part of the work * * * is subcontracted, the subcontracting shall be done in accordance with, and the contractor shall be bound by the following provisions:

"* * * in case the work being done or to be done under any subcontract is not conducted in a manner satisfactory to the engineer, the contractor shall, upon written notice to this effect, cause such subcontract to be terminated and the subcontractor and his employees to be removed from the work."

The subcontract provided that the defendant "will conduct and prosecute the work hereinabove described in a manner satisfactory to the [State] Engineer."

Several assignments of error are rested on the ground that the trial court improperly ruled on the admissibility of certain evidence relating to the performance of the contract. Each of these assignments rests upon the theory that the terms of the principal contract set out above, having been incorporated into the subcontract, did not permit the plaintiff to discharge the defendant unless the work performed by the defendant was unsatisfactory to the State Engineer and unless notice to this effect was given by the State Engineer to the plaintiff.

■ Plaintiff contends that the provision of the principal contract relating to the discharge of the subcontractor was designed for the state's benefit only,

giving it the right to compel the principal contractor to discharge a subconstractor even though the principal contractor did not wish to do so. Accordingly, plaintiff contends that the provision was not intended and does not operate to prohibit the principal contractor from discharging a defaulting subcontractor. We agree with plaintiff's interpretation. Consequently, the first assignment of error is without merit.

■■ Defendant sought to amend his answer to conform to the proof, under ORS 16.390, by adding an allegation that the state had waived provisions of the contract relating to the date of completion. This was relevant to defendant's defense, which rested in part upon the theory that its delay in performance was not due to its own fault. The trial court denied defendant's motion to amend. This was a matter within the discretion of the trial court and unless that discretion is abused, the court's action is final. *Burnett v. Hatch,* 200 Or 291, 300, 266 P2d 414 (1954); *Lancaster v. May,* 194 Or 647, 657-658, 243 P2d 268 (1952); *Klingback v. Mendiola,* 138 Or 234, 240, 6 P2d 237 (1931). See also, ORS 16.390. We find no abuse of discretion. Evidence of such a waiver could have been presented without the amendment since the initial answer was sufficient to embrace the issue.

■ Finally, defendant asserts as error the trial court's refusal to give certain requested instructions and, also, the giving of other instructions relating to a credit claimed by defendant for furnishing certain materials. The subcontract set a low price for materials if they could be obtained from a borrow excavation and if they were suitable; a higher price was set for the materials if it proved to be necessary to buy them. A question of fact was presented as to

whether the low-priced borrow excavation materials were suitable and available. The evidence was conflicting on these points. The court submitted to the jury the question of whether the materials in the borrow excavation were available to the defendant. No error was committed by the court in submitting this question to the jury.

The judgment of the lower court is affirmed.