Argued February 3, affirmed May 13, petition for
rehearing denied July 7, 1964

# J. W. COPELAND YARDS *v.* TARANOFF ET AL

392 P. 2d 259

*Donald L. Kalberer,* St. Helens, argued the cause for appellant. With him on the brief were Hjelte & Kalberer, St. Helens.

*James B. Griswold,* Portland, argued the cause for respondents Peter L. Taranoff and Anna Taranoff. With him on the brief were Green, Richardson, Green & Griswold, Portland.

Before McAllister, Chief Justice, and Rossman, Perry, O'Connell, Denecke and Lusk, Justices.

### ROSSMAN, J.

This is an appeal by plaintiff, J. W. Copeland Yards, from a decree in favor of the defendants Peter L. and Anna Taranoff invalidating a materialmen's lien against real property owned by the defendants. The other defendants listed in the title of the case are not involved in this appeal.

The suit was instituted to establish and foreclose a lien for building materials supplied to a building contractor for the construction of a dwelling house on the Taranoff's property. The building materials valued at approximately $4000 were supplied by the plaintiff, a corporation engaged in the business of selling lumber and other building materials. No payment was made by the contractor for any of the materials.

In December 1959 the Taranoffs entered into a contract with Marvin D. Babcock, a building contractor, for the construction of a house on the real

property they owned in Columbia City, Oregon. The contract price for construction of the dwelling was $16,000. Although Babcock did not complete the construction he was paid a total of $14,883.10 by the Taranoffs.

During the construction of the Taranoff house Babcock ordered materials from the plaintiff's lumber yard in St. Helens. Plaintiff commenced delivery of these materials on January 4, 1960, and made the last delivery May 9, 1960. Babcock had previously purchased lumber and other materials from the plaintiff for construction work in the Columbia City area, and it was his practice to pay for the materials on completion of the construction project. As indicated above, no payment was made by Babcock for any of the materials supplied for use in the Taranoff house.

The manager of plaintiff's yard in St. Helens sent notices of commencement of delivery of material and of intention to claim a lien for the materials. The notices, one addressed to Peter L. Taranoff, and the other to Anna Taranoff, were sent by certified mail on January 12, 1960, eight days after the first delivery of material.

In June of 1960 the plaintiff filed a materialmen's lien against the Taranoffs' property. The trial judge found the lien was valid in all respects and would be enforceable but for the failure of plaintiff to have given a proper notice of commencement of delivery of materials. The trial court's conclusions of law state:

> "The notice prescribed by ORS 87.020 (1) was sent by plaintiff one day later than authorized by the ORS section, and that because of this, the plaintiff's lien must fail."

The mechanics' and materialmen's lien was unknown to the common law and exists in our jurisdiction

by the grace of statute. In determining the criterion for impressing such a lien, we must look to the statute. The purpose of the materialmen's lien law is to afford effective security to suppliers who furnish building materials. The law should be construed as favorably as its terms will legitimately permit to the end of advancing such purpose. But the materialman has a duty to show substantial compliance with the statute before he can invoke its aid to enforce a lien.

ORS 87.020 provides:

"(1) Any person furnishing any material or supplies to be used in the construction of an improvement shall, not later than seven days after the date of the first delivery to a contractor or agent of the material or supplies, deliver in person, and evidence the delivery by receipt thereof, or mail by registered letter to the owner or reputed owner of the property on or about which the material or supplies are to be used, a notice in writing stating in substance that such person has commenced to deliver material and supplies for use thereon, with the name of the person ordering the same, and that a lien may be claimed for all material and supplies furnished by such person for use thereon, and no further notice to the owner is necessary. No materialmen's lien for material or supplies furnished to the contractor or the agent of any owner or reputed owner shall be enforced unless such notice is given."

This statute requires that a notice be given in person to the owner of property being improved or by registered mail, and that it be given within seven days of the first delivery of materials. This notice is the predicate upon which the right to assert a lien is based and is a mandatory requirement imposed for the benefit of the property owner. If he is properly

notified that materials are being used to improve his property and a lien for the cost of the materials may be sought, he can take steps to protect his property interests.

6. Plaintiff acknowledes that the notice of furnishing materials was mailed one day late. Relying upon *Nicolai-Neppach Co. v. Poore,* 120 Or 163, 251 P 268, however, plaintiff claims a lien for materials delivered after the date which is seven days prior to the giving of the notice to the owners. The exact basis for the court's decision in *Nicolai-Neppach* is not completely clear; however, the case seems to hold that a materialman has a lien for all materials furnished after a date seven days prior to the date of giving notice, regardless of whether the notice was given within seven days after the *first* delivery. 29 Or L Rev 308, 326 (1950).

The statute requires that a materialman, in order to acquire a lien, "shall, not later than seven days after the date of the first delivery * * * [give notice]." The statute does not provide for a lien for all materials delivered after a date which is seven days before a notice of delivery was given. The notice required is one to be made seven days after the *first* delivery of materials; any later notice is ineffective. *Freitag v. Boeing Airplane Co.,* 55 Wash2d 334, 347 P2d 1074, expressly so held.

That portion of *Nicolai-Neppach Co. v. Poore,* supra, which held that a materialman delivering to a contractor or agent could enforce a lien for some materials delivered despite the giving of notice more than seven days after the first delivery of the materials is overruled.

The plaintiff not having given the requisite notice, is not entitled to a lien and the judgment is, therefore, affirmed.