Argued May 20, reversed June 24, petition for rehearing
denied September 9, 1964

## H. D. FOWLER CO., INC. *v.* MEDICAL RESEARCH FOUNDATION ET AL

393 P. 2d 657

*Lee Johnson,* Portland, argued the cause for appellant. With him on the briefs were Hampson and Weiss, Portland.

*Richard H. Muller,* Portland, argued the cause for respondents. On the brief were Benson, Whitely, McLennan & Burns, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell and Goodwin, Justices.

SLOAN, J.

Plaintiff seeks to foreclose a materialman's lien. Materials had been supplied by plaintiff to a subcontractor on buildings then being constructed by defendant. The buildings were part of a complex commonly known as the Oregon Primate Research Center. When plaintiff served the written notice required by ORS 87.020 that he was beginning to supply materials he addressed the notice to the Oregon Primate Research Center, Inc. ORS 87.020 requires that the notice be served on the owner or reputed owner. The notice, in the instant case, was sent to a correct post office address. However, the owner of the property involved was defendant, Medical Research Foundation of Oregon. Oregon Primate Research Center was a name adopted and used by defendant as descriptive of and to identify this particular division of its activities. The trial court held this attempt to serve notice upon a non-existing entity was not sufficient and refused to enforce plaintiff's lien. Plaintiff appeals.

The case is here for de novo review. Having examined the record we think the evidence supports these findings:

The notice in question was sent to a correct address. It was received by a Mr. Kelly who had been employed by defendant as the manager of the research center. Defendant's directing officer, Mr. Frederick testified:

"Q What were his [Kelly's] duties?
"A Well, he was to assist with the business services of the Center.

"Q In other words, would he be in charge of business activities of the center as opposed, say, to the research or medical aspects?

"A Yes.

"Q Now, as part of his duties as business manager, would he have the duty of forwarding to your office documents which pertained to the Medical Research Foundation?

"A Yes, if any arrived that were obviously of importance to the Foundation, which most of them were of this nature.

"Q Now, taking as an example notice to the owners. Is that a document which—notice to the owner of the Primate Center, is that a document which Mr. Kelly, as part of his duties as business manager, would or should forward to your office?

"A Yes.

\* \* \* \* \*

"Q And you say that if a notice were received by Mr. Kelly, as business manager of the Primate Center, and this notice was directed to the owner of the Primate Center, that he, as business manager, would be duty-bound to forward it to you or to your office?

"A Yes."

It was not, therefore, and could not have been disputed that the person who received the notice was an agent of defendant. Nor can it be claimed that it was beyond his authority to have received the notice. That he may or may not have performed his duty is immaterial to this case. *Hogan v. Alum. Lock Shingle Corp.*, 1958, 214 Or 218, 329 P2d 271.

The notice itself identified the contractor to whom the materials were being delivered, the place where the materials were being used and that a lien would be claimed. The notice conformed to statutory require-

ments. The notice was served on a proper person and, other than the name, the notice was adequate. Does the use of the improper name spoil an otherwise good notice?

Generally, it is held that the use of a misnomer in civil process and proceedings involving a corporation is not, ipso facto, bad. "The ultimate test in determining the materiality of the misnomer is whether the corporation was or could have been misled thereby." (Footnote reference omitted.) 6 Fletcher, Cyclopedia Corporations, 1950 Revised Volume, § 2447, page 153.

The same test has been applied in the cases dealing with the notice requirements of mechanic's lien statutes. *Moss & Blakeley Plumbing Co. v. Schauer et ux,* 1942, 150 Pa Super 318, 28 A2d 323, *Lowell Co. v. May,* 1915, 59 Colo 475, 149 P 831, *Milwaukee Bldg. Supply Co. v. Illinois Surety Co.,* 1916, 163 Wisc 48, 157 NW 545, *Doss v. Gulf Smokeless Coal Co.,* 1926, 102 W Va 470, 135 SE 575, 57 CJS § 162 (4) page 692.

The most nearly comparable Oregon case is *Eastern & Western L. Co. v. Henderson,* 1929, 129 Or 102, 275 P 677. In the *Eastern & Western* case the person to be served was, in fact, Robnett & McClure, a corporation. The notice was addressed to Robnett & McClure without naming their status. This court held that no one could have been misled and that the notice was good. More compelling, however, is the opinion in *School Dist. No. 1 v. Rushlight & Co.,* 1962, 232 Or 341, 375 P2d 411. In that case we considered the sufficiency of a statutory notice of claims on a public works bond. In that case there was a failure to name the surety. It was held the purpose of the statutory

notice had been fulfilled even though some of the statutory requirements had not been met.

The opinion in *Kansas City Pump Co. v. Vrooman*, 1913, 174 Mo App 63, 160 SW 48, at page 49, contains a succinct statement of the purpose of the statutory notice and the reasons for liberal construction of the statute:

> "* * * The notice to the owner in a mechanic's lien proceeding does not exercise the function of a summons, which is to acquire jurisdiction over the owner. Its purpose is merely to notify him of the claim so that he may investigate it before paying, and may protect himself in his settlement with the original contractor. In this case the owner was not misled nor prejudiced, nor does he claim to have been. Our courts hold that the lien law is highly remedial, and a liberal construction should be given its provisions. * * *."

The authorities cited, when applied to the facts of the instant case, require that we hold that the notice was good. It cannot be said that the misnomer would have misled defendant as to the purpose of the notice.

On appeal, defendant has advanced other reasons for defeating the lien. It does not appear from the record that these issues were submitted to the trial court. In any event we think the additional contentions made here are lacking in merit.

Reversed.