Argued October 5, affirmed December 31, 1964

# MASLOV *v.* MANNING, CHAPEL OF THE ROSES, INC.

397 P. 2d 833

*Bernard Jolles,* Portland, argued the cause for appellant. With him on the brief were Franklin, Olsen, Bennett & Des Brisay and Clifford B. Olsen, Portland.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief were Hollister & Thomas and Robert H. Hollister, Portland.

Before McAllister, Chief Justice, and Rossman, Sloan and Goodwin, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff from a judgment which the circuit court entered in favor of the defendant, Chapel of the Roses, Inc., after the court had directed the jury to return its verdict in favor of that defendant and the jury had done so. The action which culminated in the entry of the challenged judgment was instituted to recover damages for personal injuries that the plaintiff incurred in an automobile accident that occurred during a funeral procession allegedly conducted by Chapel of the Roses, Inc. The plaintiff's vehicle, which was in the procession, was struck by another automobile operated by the other defendant, Manning. After all parties had rested, the circuit court directed the jury to return its verdict in favor of the defendant, Chapel of the Roses, Inc. The case against Manning was submitted on the merits, resulting in a verdict in favor of that defendant. Judgment was entered in favor of both defendants accordingly, and plaintiff appeals only from the judgment for Chapel of the Roses, Inc. Manning is not a party to the appeal.

Appellant assigns as the single error the granting of defendant's motion for a directed verdict upon the

basis of the lapse of the limitation period as prescribed by the statute of limitations.

Plaintiff was operating his vehicle as part of a funeral procession proceeding north on Vancouver Avenue in Portland on December 14, 1959. The accident occurred in the intersection of Killingsworth and Vancouver Avenues. A police officer who was escorting the procession halted cross traffic at the intersection, motioned the procession to proceed through, and left before plaintiff and the last few cars of the procession reached the intersection. Plaintiff entered the intersection against the red traffic light and was struck by the Manning vehicle which was proceeding east on Killingsworth Avenue.

Plaintiff originally commenced his action on December 12, 1961, just two days before the expiration of the period of limitations, ORS 12.110, naming as a defendant "Phillip J. Zeller, dba A. R. Zeller Co." After that defendant had pleaded to the merits, plaintiff's counsel, on or shortly before June 22, 1962, became aware that the proper defendant was Chapel of the Roses, Inc., a corporation. However, no changes material in this appeal were made in the pleadings, and after plaintiff had filed his second and third amended complaints the case was tried before Judge Herbert Schwab on October 30, 1962. In all of that period "Phillip J. Zeller, dba A. R. Zeller Co." remained the defendant. On December 5, 1962. Judge Schwab entered an order nunc pro tunc as of October 31, 1962, in which he allowed "plaintiff's motion to correct the name of one of the defendants to Chapel of the Roses, Inc., an Oregon corporation, for and instead of Phillip J. Zeller, dba A. R. Zeller Co.,"; and further authorized plaintiff to file a fourth amended complaint pursuant to a motion made immediately after resting, naming

Manning and Chapel of the Roses, Inc., as the only defendants. Then, treating P. J. Zeller's motion as that of Defendant, Chapel of the Roses, Inc., Judge Schwab entered an order of involuntary nonsuit and dismissed the action as to all defendants. Judgment was entered thereon November 7, 1962. The dismissal of the action was based upon a finding that the evidence failed to establish negligence.

Plaintiff filed the present action against defendants Manning and Chapel of the Roses, Inc., on January 14, 1963 (ORS 18.250, 12.220). The complaint contains allegations of negligence on the part of both defendants similar to those made in the first action. Defendant, Chapel of the Roses, Inc., filed an answer June 25, 1963, wherein after making admissions and denials it presented the defense of the bar of the statute of limitations. Judge Oppenheimer granted defendant's motion for a directed verdict on the basis of that defense. He was of the opinion that plaintiff's action against the Chapel of the Roses, Inc., had not been commenced within the statutory period. The record indicates that Chapel of the Roses, Inc., was not brought into the first action until ten or eleven months after the expiration of the statutory period. Unless one is prepared to embrace the view advocated by appellant—that the amendment was proper and related back to the filing of the original complaint two days before the expiration of the statutory period—we must affirm.

We have mentioned that plaintiff originally sought to impose personal liability upon one Phillip J. Zeller, dba A. R. Zeller Co. By plaintiff's proposed amendment he then sought to impose liability upon the respondent, a corporation. The substitution was one of a corporate defendant for an individual defendant.

See *Kerner v. Rackmill,* DC Pa., 1953, 111 F Supp 150. Cases, both federal and state, which have dealt with the issue presented here are collected at 8 ALR2d 166 et seq., §§ 81, 82, and in supplementary annotations.

The precise question presented, the propriety of an amendment substituting, after the running of the limitation period, a corporate defendant for the individual defendant originally sued, is one of first impression in this state. This question is concerned only with whether the initial two-year limitation period for the commencement of personal injury actions is a bar. It is not disputed that the plaintiff complied fully with ORS 12.220 in bringing his second action within one year after the entry of the order of involuntary nonsuit. The period of one year granted, by ORS 12.220, for commencement of an action after nonsuit has no bearing upon the issue before us.

■ Appellant argues that he was misled by the defendant's conduct in leaving an assumed business name certificate unretired, and in listing the funeral business in the telephone directory as A. R. Zeller Co. On the basis of an investigation disclosing the above information plaintiff commenced the first action and now argues that defendant is in some manner estopped from raising the defense. The argument is wide of the mark. Such an argument would be more cogent had plaintiff first sued A. R. Zeller Co., and not P. J. Zeller, an individual. However, it is evident that plaintiff intended to sue and impose personal liability upon P. J. Zeller individually, even after plaintiff was notified that he had sued the wrong defendant. Were plaintiff's argument correct, and the language chosen in his pleadings supported it, the amendment eliminating the substituted defendant's defense could perhaps be sustained.

■ Plaintiff would have us categorize this case as one where a defendant is sued and served with process, but somehow misdescribed or mischaracterized, but where it is clear that plaintiff intended to sue the "entity" that was served and before the court, be it a misnamed corporation, partnership or individual. Many courts have been confronted with such a situation. Plaintiff cites many of those cases in his brief. *Craig v. San Fernando Furniture Co.*, 1928, 89 Cal App 167, 264 P 784; *Hirsch v. Bruchhausen*, 284 F2d 783, 2d Cir., 1960; *Waugh v. Steelton Taxicab Co.*, 1952, 371 Pa 436, 89 A2d 527; *Mears v. Economy Brake Service, Inc.*, 1963, 78 N J Super 218, 188 A2d 207; *Powell v. Sutliff*, 1963, 410 Pa 436, 189 A2d 864; *Godfrey v. Eastern Gas and Fuel Co.*, 71 F Supp 175; and *Morgan v. Bayview Hospital*, 82 Ohio L Abs 499, 166 NE2d 430. Given that situation, courts have generally allowed amendment without regard to the fact of the expired limitation period. But, where the proposed amendment seeks to impose liability upon a different "entity" after the limitation period has expired, where the quantum of assets amenable to execution might be materially changed, courts have generally, in the exercise of their discretion, disallowed the amendment or sustained the substituted defendants defense. *Thompson v. Palmer Corp.*, 1956, 138 Cal App2d 387, 291 P2d 995; *Daiprai v. Moberly Fuel and Transfer Co.*, 1949, 359 Mo 789, 233 SW2d 474; *Shellhorn v. Williams*, 1953, 244 Iowa 908, 58 NW2d 361; and *Eskon v. Four Star Realty Co.*, 1961, 71 N J Super 202, 176 A2d 538. This result has been reached notwithstanding that the individual served was, as here, an officer or agent authorized to receive process for the corporation sought to be substituted by the amendment. *Adams v. Beland Realty Corp.*, 1960, 187

F Supp 680 (DC ED NY); *Sanders v. Metzger,* 1946, 66 F Supp 262 (DC ED Pa); and see *Morrison v. Holladay,* 1895, 27 Or 175, 39 P 1100, and *Colby v. City of Portland,* 1918, 89 Or 566, 174 P 1159.

Nor have courts accepted the argument, as made here, that the trial judge may liberally allow amendments, where justice requires, so as to obtain an adjudication of the cause on its merits (ORS 16.390, FRCP 4h, Kan. G. S. 60-759; *Maerz v. the J. C. Company,* 223 Or 536, 355 P2d 94 and *Schamoni v. Semler,* 147 Or 353, 31 P2d 776) and a disregard of the effect of a statute of limitations: *Wyckoff v. Bennett,* 1963, 191 Kan 180, 380 P2d 332.

The underlying rationale of the cases, albeit seldom expressed, is that where different assets may be subjected to execution, the amendment should not be allowed, or being allowed, it should not relate back so as to efface a valid but perhaps harsh defense of the entity sought to be brought in as party defendant after the running of the limitation period.

Plaintiff cites cases involving misnomers of defendants or changes in parties plaintiff where the test differs and the question is usually whether defendant had been misled to his prejudice. *Fowler Co., Inc. v. Medical Research Foundation, et al.,* 78 Adv Sh 1097, 393 P2d 657, 1964; *Ross v. Robinson,* 174 Or 25, 145 P2d 204; *New York Central and H.R.R.R. Co. v. Kinney,* 260 US 340, 43 S Ct 122, 67 L ed 294. Even applying that test, were it properly applicable to the case at bar, appellant would not prevail. Clearly respondent would be prejudiced, it would lose a valid defense, and its assets would be exposed to liability when its officers had no reason to believe until after the trial ten or eleven months after the expiration of the limitation

period that plaintiff was suing anyone other than the individual originally named as defendant.

Chapel of the Roses, Inc., was not in court in the first suit, its interests were not represented; it had never been served with process and did not appear. The fact that the same attorneys and insurance carrier represented both the original and substituted defendants is a matter of no consequence. No fraud or deceit was practiced by defendant, as plaintiff admits. And cf. *Linn v. Lane Timber C.*, 1915, 236 US 574, 35 S Ct 440, 59 L ed 725 (DC Or.). Plaintiff argues that Chapel of the Roses, Inc., was always in court, masquerading as the original individual defendant (see *Boehmke v. Northern Ohio Traction Co.*, 88 Ohio St 156, 152 NE 700), and cites in support of his argument the fact that attorneys for the original defendant resisted the plaintiff's motion to let that defendant out of the case and bring in Chapel of the Roses, Inc. Such reasoning is insufficient to permit us to ignore the corporate form or the fact that P. J. Zeller and Chapel of the Roses, Inc., are different entities.

Plaintiff's action against respondent, Chapel of the Roses, Inc., was not commenced within the period of the statute. The granting of the directed verdict on the basis of the statute of limitations was proper and the judgment for defendant based upon that order is affirmed.