Argued November 6, 1964, affirmed April 2, 1965

# SCHOOL DISTRICT NO. 4, MULTNOMAH COUNTY *v.* SETTERGREN ET AL

400 P. 2d 559

*A. W. Gustafson,* Gresham, argued the cause for appellants. With him on the brief were McAllister, Burns, Gustafson & Lock, Gresham.

*Clyde R. Richardson,* Portland, argued the cause for respondent. With him on the brief were Wheelock, Richardson & Niehaus, Portland.

Before PERRY, J., Presiding, and O'CONNELL, DENECKE and LUSK, Justices.

O'CONNELL, J.

This is an action on a bond brought by a material-man, in the name of School District No. 4, Multnomah County, against E. E. Settergren, the general contractor and principal on the bond, and American Insurance Co. of Newark as surety. Defendants appeal from a judgment in favor of plaintiff.

Defendant Settergren contracted with the school district to construct a school building. Peerless Pacific Co. of Oregon furnished materials to A. G. Rushlight & Co., a subcontractor, for use in the construction of the building. A notice of claim for materials furnished was filed with the school district by Peerless Pacific Co. purporting to satisfy ORS 279.528, which requires persons claiming to have supplied materials or labor to file a notice of claim as a condition to bringing an action on the bond.

■ Defendants entered a plea in abatement on the ground that the plaintiff's claim having been assigned to Oregon Association of Credit Management, Inc.,

plaintiff was not the real party in interest. (ORS 13.030). The same point is made the subject of defendants' first assignment of error. We find no evidence in the record which would establish an assignment of plaintiff's claim. The instrument relied upon as an assignment is entitled "Verification and Letter of Attorney" and purports only to appoint the Association as agent in the election and appointment of an assignee. The Association was the assignee for the benefit of the creditors of A. G. Rushlight & Company. The purpose of the "Verification and Letter of Attorney" was to present plaintiff's verified claim to the assignee for the benefit of creditors. The language as to agency in the form had no application under the circumstances. We hold that there was not sufficient evidence of an assignment.

■ The second assignment of error attacks the sufficiency of the notice of claim filed with the school district on the ground that it did not adequately identify the claimant. The name used in the notice of claim was Peerless Pacific Co. Plaintiff's corporate name is Peerless Pacific Co. of Oregon. Defendants point out that there is a Peerless Pacific Co. incorporated in Nevada and a Peerless Pacific Co. of Oregon, incorporated in Oregon, and a Peerless Realty Co. (the place of incorporation not known to defendants), but that there is no Peerless Pacific Co. incorporated in Oregon.

We have discussed the function of the notice requirement both under ORS 279.528 and ORS 87.020 in two recent cases, respectively *School District No. 1 v. Rushlight & Co.*, 232 Or 341, 375 P2d 411 (1962) and *Fowler Co. v. Medical Research Foundation et al.*, 78 Or Adv Sh 1097, 393 P2d 657 (1964). Based upon

the reasoning in those cases, we hold that the notice in the present case was sufficient.[1]

■ In its third assignment defendants contend that the trial court erred in not allowing defendants an accounting. The assignment of error is without merit. Defendants did not preserve the error, if any occurred. When defendants proposed to call a witness relating to various accounts between A. G. Rushlight and other companies for the purpose of supporting a claim for an accounting, the trial judge informed defendants that he would not allow an accounting "because the plaintiff is not suing A. G. Rushlight and the dealings with Rushlight and the plaintiff is not before the court." The trial judge then defined the issue as being "whether or not the plaintiff is going to correct the statutory lien * * *. The question is whether or not this lien is good. That's the only question I can see that is before this Court."

After the court had thus narrowed the issue in the case defendants made no objection. In fact, the comment of defendants' counsel can be construed as an acquiescence in the court's interpretation of the theory of the case.

■ Moreover, even if the alleged error was preserved, we find no basis for an accounting in this case. The claim for an accounting is based upon "possible fiduciary relationships and obvious complications" in various accounts. The record contains no evidence of

---

[1] In School District No. 1 v. Rushlight & Co., 232 Or 341, 375 P2d 411 (1962) we held that the absence of formal words of claim is not fatal to a notice which otherwise effectively warns the general contractor or surety that one of the subcontractors has not been paid. In Fowler Co. v. Medical Research Foundation et al., 78 Or Adv Sh 1097, 393 P2d 657 (1964) we held that a notice of lien addressed to one other than the true owner is not defective where "it cannot be said that the misnomer would have misled defendant as to the purpose of the notice."

any relevant fiduciary relationship. The demand for an accounting based upon the complexity of accounts is not averred with sufficient specificity.[8] Even if the averment is deemed sufficient, the evidence indicates that the transactions relied upon by defendants were readily traceable and involved no undue complexity.[9]

The judgment of the lower court is affirmed.

[8] See Flaherty v. Bookhultz et al, 207 Or 462, 467, 291 P2d 221, 297 P2d 856 (1956); Huebener v. Chinn, 186 Or 508, 530-31, 207 P2d 1136 (1949).

[9] Huebener v. Chinn, *supra*.