Argued April 7, affirmed June 18, petition for rehearing
denied July 1, 1969

MAZUREK, *Appellant, v.* RAJNUS ET AL,
*Respondents.*
456 P2d 83

*Glenn D. Ramirez,* Klamath Falls, argued the cause for appellant. On the briefs were Ramirez & Hoots, Klamath Falls.

*Hal F. Coe,* Klamath Falls, argued the cause and filed a brief for respondents.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY,* Justices.

O'CONNELL, J.

This is an action brought under the Employers' Liability Law to recover damages for personal injuries sustained by plaintiff while in defendants' employment. Plaintiff appeals from a judgment entered on a verdict for defendants.

Plaintiff was injured when a sheet of galvanized metal blew off a stack and struck him. When plaintiff first began his work the sheets had been leaned against a building but the wind had blown down a sheet and

---

* Langtry, J., did not participate in this decision.

to prevent this from recurring plaintiff and his fellow employes stacked the sheets on the gound. However, the wind blew some of the sheets off the stack "a couple of times" and to prevent this plaintiff placed boards and a skill-saw on the top of the stack. Plaintiff later removed the saw to cut a rafter for the granary which was under construction. While he was sawing the rafter the wind blew one of the metal sheets off the top of the stack. It struck plaintiff on the arm causing the injury for which this action is brought.

In their affirmative answer defendants alleged that "[t]he plaintiff was contributorily negligent, which negligence contributed to the happening of the accident, if any, in the following particulars: (1) That plaintiff failed to exercise the care that a reasonable and prudent person would have used and would have then and there acted under the same and similar circumstances." Plaintiff moved to strike the affirmative answer on the ground that it was "sham and frivolous and of no legal effect." The motion was overruled, whereupon plaintiff interposed a demurrer to the affirmative answer on the ground that it "states merely conclusions of law and is insufficient to constitute a defense in this cause." The demurrer was overruled. Plaintiff assigns as error the trial court's action in denying his motion to strike and in overruling his demurrer.

■■■ Although contributory negligence is not a complete defense to an action under the Employers' Liability Law it may be taken into account by the jury in fixing the amount of the plaintiff's damage. ORS 654.335. It was, therefore, proper for defendants to assert in their answer that plaintiff was contributorily negligent. If plaintiff deemed the allegation of con-

tributory negligence too broad or vague, he was entitled to move that the answer be made more definite and certain in this respect. A motion to strike or a demurrer is not appropriate to raise such an objection to a pleading.[1]

■ Plaintiff excepted to the trial court's instructions on contributory negligence contending that there was no evidence of contributory negligence in the case.

It is patent from the record that there was evidence from which the jury could reasonably conclude that plaintiff was contributorily negligent. Thus the jury could have found that plaintiff was negligent in failing to more firmly secure the stack of metal sheets after he learned that the wind had blown sheets off the stack "a couple of times."

■ Plaintiff also assigns as error the giving of an instruction to the effect that defendants would not be liable if the injury was caused by an unforeseeable act of God. Plaintiff excepted to the instruction on the ground that there was no evidence of an act of God in this case. Plaintiff himself described the metal sheet which injured him was blown off the stack by "a sort of freak and sudden gust of wind."

An "act of God" which will excuse a defendant from liability has been defined in varying degrees of unexpectedness.[2] Whether the occurrence comes within the definition is a question of fact for the jury. In the present case it was for the jury to decide whether the "freak and sudden gust of wind" was an unforeseeable occurrence.

■ Finally, plaintiff charges error in the trial court's failure to instruct the jury that the negligence

[1] Murray v. Lamb, 174 Or 239, 148 P2d 797 (1944).
[2] See cases collected in 2 Words and Phrases, "Act of God" (1955).

of a fellow servant was not a defense to plaintiff's action. The question of whether an instruction relating to the fellow servant rule is ever appropriate in an action brought under the Employers' Liability Law we need not now consider. In the present case it is enough to note that there was no evidence from which the jury could have concluded that the conduct of a fellow servant separate and apart from plaintiff's conduct could have been a distinct cause of plaintiff's injury and thus give the jury the basis for reasoning that defendants were not liable because a fellow servant was negligent.

The judgment is affirmed.