Argued and submitted May 16, reversed and
remanded August 4, reconsideration denied September 11,
petition for review allowed November 25, 1980

STEEL PRODUCTS COMPANY
OF OREGON, INC.,
*Appellant,*
*v.*
PORTLAND GENERAL ELECTRIC
COMPANY, et al,
*Respondents.*

(No. E6045, CA 14861)

615 P2d 344

Lee A. Hansen, Portland, argued the cause for appellant. With him on the briefs was Brown, Hansen & Steenson, Portland.

James H. Clarke, Portland, argued the cause for respondents Portland General Electric Company and Westmont Industries (Inc.). With him on the briefs were John M. Berman and Frank M. Parisi, and Spears, Lubersky, Campbell & Bledsoe, Portland.

Keith Y. Boyd, Eugene, waived appearance for respondent Calfred Industries, Inc.

Before Richardson, Presiding Judge, and Buttler and Thornton, Judges.

BUTTLER, J.

**BUTTLER, J.**

Plaintiff appeals from judgments entered in favor of three of the defendants after the trial court sustained demurrers to plaintiff's complaint and denied leave to amend. We reverse and remand.

Plaintiff seeks by this proceeding to foreclose a construction lien for materials furnished for use in the construction of defendant Portland General Electric's (PGE) Boardman Plant # 1 in Morrow County. Defendants demurred to the complaint for failure to state facts sufficient to constitute a cause of suit, in support of which it was argued that (1) notice of delivery was defective and (2) insufficient facts were alleged to show that the materials supplied by plaintiff were supplied at the instance of the owner or its construction agent. The trial court agreed with both contentions.

## *NOTICE*

The requirements for a notice of delivery are specified in ORS 87.021(2).[1] Defendants note two defects in the notice of delivery from plaintiff to PGE. First, plaintiff's notice claims only for those materials delivered within the previous seven days and not the previous ten days allowed by statute.

---

ORS 87.021(2) provides:

"The notice required by subsection (1) of this section shall state in substance:

"(a) That the person is delivering materials and supplies for use on the property;

"(b) The name of the person ordering the materials and supplies;

"(c) That a lien may be claimed for all materials and supplies delivered after a date which is 10 days before the notice was delivered or mailed;

"(d) That payment by the owner or lender to the contractor does not remove the right of the person furnishing materials or supplies to claim a lien against the property unless the person giving notice is in fact paid; and

"(e) No further notice to the owner of this or any subsequent delivery is necessary."

■ All of the materials supplied by plaintiff were delivered within the seven days preceding the notice of delivery. The fact that plaintiff advised PGE that a claim might be made for materials delivered within a shorter time period than that allowed by statute does not invalidate the notice, although it might well limit plaintiff to materials supplied after a date which is seven days before the notice was given rather than the statutory 10 days.

■ The second defect noted in the notice of delivery is the failure to inform PGE that "[n]o further notice to the owner of this or any subsequent delivery is necessary." ORS 87.021(2)(e). Like the public works bond statute in question in *School Dist. No. 1 v. Rushlight & Co.,* 232 Or 341, 375 P2d 411 (1962), ORS 87.021 requires only that the notice given be "in substance" as set out in the statute.

> "* * * Whether or not the appellant has substantially complied with the statute should be determined largely by deciding whether or not the notice given performed the function intended." *School District No. 1 v. Rushlight & Co.,* 232 Or 341, 347, 375 P2d 411 (1962).

It is apparent here that PGE was given sufficient information to be made aware of the fact that a lien might be claimed for the materials delivered. The notice gave PGE sufficient information to allow it to monitor plaintiff's deliveries and to protect itself in dealing with its original contractor. *See Fowler Co. v. Medical Research,* 238 Or 316, 393 P2d 657 (1964). Plaintiff's claim of lien will not be rendered void by the failure of the notice of delivery to inform PGE that no further notice was necessary unless PGE establishes that it was prejudiced by that failure. We will not presume prejudice; it is a matter of pleading and proof by PGE, and therefore may not be determined on demurrer.

## *SUFFICIENCY OF ALLEGATIONS*

■■ Whether the complaint contains sufficient allegations to withstand a demurrer on the ground that

it does not allege a lienable claim presents a more difficult question. Plaintiff alleged the contractual relationships between PGE and Westmont Industries, Inc. (Westmont), the original contractor; between Westmont and Calfred Industries, Inc., dba Rodgers Structural Steel (Rodgers), who contracted with Westmont to fabricate certain steel structures to be used in building the plant; and between Rodgers and plaintiff, who provided the steel to be used by Rodgers. The precise terms of those contracts, however, are not alleged. The complaint incorporates by reference the claim of lien filed after plaintiff completed delivery of materials, a copy of which claim is attached to the complaint as an exhibit. That claim of lien includes a statement that Rodgers was a "subcontractor" "having charge of the construction" of the Boardman plant.[2] Having been incorporated into the complaint, the lien claim is considered part thereof and may be considered in determining the sufficiency of the complaint. *See Andersen v. Turpin,* 172 Or 420, 142 P2d 999 (1943).

ORS 87.010(1) provides:

"Any person * * * furnishing any material to be used in * * * the construction of any improvement shall have a lien upon the improvement for the * * * material furnished * * * at the instance of the owner of the improvement or his construction agent."

---

[2] The claim of lien is a printed form giving the claimant three alternatives in characterizing the person to whom it delivered materials, with a box next to each: "contractor," "subcontractor" and "other person," followed by the phrase in the text, "having charge of the construction." Plaintiff checked the box next to "subcontractor," which, in nonstatutory parlance, Rodgers was. The statutory definition of "construction agent" in ORS 87.005(3), however, includes only a contractor, architect, builder or other person having charge of construction; it does not include the term "subcontractor." Given those circumstances, we construe the use of the term "subcontractor" in the lien claim as coming under the statutory category of "other person in charge of construction" and that the Complaint, then, alleges that Rodgers was such "other person."

Although such an allegation might be considered conclusory and therefore vulnerable to a motion to make more definite and certain, it does not render the Complaint demurrable. *See Mazurek v. Rajnus,* 253 Or 555, 456 P2d 83 (1969); *Mezyk v. National Repossessions,* 241 Or 333, 405 P2d 840 (1965).

In order to have been supplied "at the instance of" the owner or his construction agent as the statute requires, the materials for which plaintiff claims a lien must have been contracted for, either directly by the owner, or indirectly for the owner through the construction agent. *See Lemire v. McCollum*, 246 Or 418, 425 P2d 755 (1967); *Gabriel Pow. & Sup. Co. v. Thompson*, 163 Or 623, 97 P2d 182 (1940).

Construction agent, according to the definition provided by statute "includes a contractor, architect, builder or other person having charge of construction or preparation." ORS 87.005(3). The allegation contained in the claim of lien is sufficient to put defendant on notice that plaintiff is claiming to have provided materials at the instance of PGE's construction agent. This might end the inquiry but for defendants' argument that Rodgers could not have been a construction agent as a matter of law because it is not alleged that Rodgers provided on-site labor.

■ It is true that plaintiff did not allege that Rodgers provided labor at the site of the improvement, and from the briefs it seems to be agreed that it did not. The question then presented is whether a party who contracts with the original contractor[3] to fabricate structures to be used in an improvement without providing on-site labor can be a construction agent within the meaning of the statute.

Rodgers is not alleged to be an architect or builder. It is not a contractor under the statutory definition because:

" 'Contractor' means * * * a person who contracts on predetermined terms to be responsible for the performance of all or part of a job of preparation or construction in accordance with established specifications or plans, retaining in himself control of means, method and manner of accomplishing the desired result, and who provides:

---

[3] Original contractor is defined as "a contractor who has a contractual relationship with the owner." ORS 87.005(7).

"(a)  Labor *at the site;* or

"(b)  Materials, supplies and labor *at the site.* "
(Emphasis supplied.)

ORS 87.005(4). Although Rodgers is a subcontractor as that term is commonly used, it does not come within the statutory definition of "subcontractor," defined as: "a *contractor* who has no direct contractual relationship with the owner." ORS 87.005(11). Because Rodgers is not a contractor, neither is it a statutory subcontractor. To survive demurrer, then, it must be determined that Rodgers may be an "other person having charge of construction."

The term "construction" is defined broadly by statute to include

"* * * creation or making of an improvement, and alteration, partial construction and repairs done in and upon an improvement." ORS 87.005(2)

"Improvement"

"* * * includes any building, wharf, bridge, ditch, flume, reservoir, well, tunnel, fence, street, sidewalk, machinery, aqueduct and all other structures and superstructures, whenever it can be made applicable thereto." ORS 87.005(5).

The complaint alleges that Westmont and Rodgers entered into a contract to furnish labor and materials to fabricate steel structures for use in building the PGE plant. That much indicates that evidence may be adduced to show that Rodgers was an "other person" engaged in "construction," depending upon the extent of its fabrication of the steel structures, and whether that fabrication was performed with special reference to the particular improvements on which the lien is claimed. In other words, fabricated structures "constructed" for sale in the market generally do not give rise to a lien. *Hume v. Seattle Dock Co.,* 68 Or 477, 484, 137 P 752 (1914).

Whether plaintiff will be able to show that Rodgers had "charge of construction," thereby fulfilling the statutory definition of "construction agent,"

remains to be seen. Presumably it would be sufficient to show that Rodgers had the right to control the means, method and manner of accomplishing the result desired for the finished product, albeit pursuant to plans and specifications provided by the owner.

■     In reaching our conclusion on the sufficiency of the complaint, we recognize, as do counsel for the parties, that the statutory provisions are not as clear as one would like them to be. Given those provisions and the statutory definitions, we are unable to accept PGE's contention that it is necessary for one to perform on-site labor to fall within the statutory definition of "construction agent." It cites no authority for that proposition, and we have found none. To accept that contention would require that we treat an "other person in charge of construction" as if that person were a contractor, as statutorily defined. To do that would detract from the broad definition of "construction agent" and fail to give effect to the catch-all category, "* * * or other person in charge of construction."

PGE concedes that there may be more than one construction agent on a given project, and that plaintiff would have a valid lien claim if Rodgers had performed on-site labor with respect to the steel structures it fabricated rather than turning over the finished fabrications to another to put in place on the site. That concession is based on the conclusion that Rodgers would then be a contractor, as defined. It does not follow, however, that every "construction agent" is a "contractor" as defined.

If the legislature intended to exclude lien claims by materialmen who supply material to one who does not perform any on-site labor, it would have been easy to so provide. We perceive no obvious policy reasons for permitting a lien in one case and not in the other — other than drawing a line which, if clearly stated, would be easy to apply.

We hold that the notice of lien is not fatally defective on its face, and that plaintiff has alleged sufficient facts, though barely, to withstand a demurrer to its complaint.

Reversed and remanded.