Argued and submitted January 6, affirmed May 27, 1981

## STEEL PRODUCTS COMPANY OF
## OREGON, INC.,
*Respondent,*

*v.*

## PORTLAND GENERAL ELECTRIC
## COMPANY et al,
*Petitioners,*

(No. E 6045, CA 14861, SC 27256)

628 P2d 1180

James H. Clarke, Portland, argued the cause for petitioners Portland General Electric Company and Westmont Industries (Inc.). With him on the briefs were Spears, Lubersky, Campbell & Bledsoe, John M. Berman and Frank M. Parisi, Portland.

Lee A. Hansen, Portland, argued the cause for respondent. With him on the briefs were Brown, Hansen & Steenson, Portland.

DENECKE, C. J.

**DENECKE, C. J.**

Plaintiff brought this suit to foreclose a mechanics' lien for steel furnished by plaintiff for use in the construction of structures at Portland General Electric's (PGE) electrical generating plant at Boardman, Oregon. PGE had contracted with Westmont Industries to build the plant; Westmont, in turn, contracted with Rodgers Structural Steel to fabricate certain steel structures; and plaintiff furnished the steel to Rodgers. Plaintiff named all these other contracting parties as defendants.

The defendants demurred to plaintiff's complaint on the ground that it failed to state a cause of suit. The trial court sustained the demurrer and entered judgment for defendants. The Court of Appeals reversed and we granted PGE's and Westmont's petition for review. 47 Or App 597, 615 P2d 344 (1980).

ORS 87.010(1) provides that a supplier of materials only can have a lien if materials are supplied "at the instance of the owner of the improvement or his construction agent." The complaint alleges the plaintiff supplied the steel at the instance of Rodgers who was not the owner. The defendants contend that Rodgers was not the owner's "construction agent," therefore plaintiff is not entitled to a lien.

ORS 87.005(3) defines "construction agent":

" 'Construction agent' includes a contractor, architect, builder or other person having charge of construction or preparation."

Plaintiff did not allege Rodgers was an "architect" or "builder." Rodgers could not be a "contractor" as "contractor" is defined in ORS 87.005(4). That statute provides:

" 'Contractor' means a person who contracts on predetermined terms to be responsible for the performance of all or part of a job of preparation or construction in accordance with established specifications or plans, retaining in himself control of means, method and manner of accomplishing the desired result, and who provides:

"(a) Labor at the site; or

"(b) Materials, supplies and labor at the site."[1]

Plaintiff did not allege Rodgers provided "labor at the site" which is necessary in order for one to be considered a "contractor." Therefore, in order for Rodgers to be the owner's "construction agent" it must be an "other person having charge of construction or preparation." The Court of Appeals concluded plaintiff did allege it was such "other person."[2]

The complaint itself is of no assistance to plaintiff on this issue. It recites "Westmont and Rodgers entered into a contract for Rodgers to furnish labor and materials to fabricate steel structures for the use and benefit of the PGE Boardman Plant #1 improvement." The claim for lien, however, was incorporated into and made part of the complaint and can be considered.[3] The claim, which was on a printed form, recites: "* * * [T]he claimant [plaintiff] has performed labor and furnished materials under a contract between claimant and Rodgers Structural Steel who was the [ ] original contractor, [x] subcontractor or [ ] other person (indicate which) having charge of the construction of that certain improvement * * *."

■    The claim also recites: "Said labor and materials were furnished to be used and were used in constructing said improvement and were furnished at the instance and request of the original contractor, subcontractor or other person named above who was the agent of the owner * * *."

The Court of Appeals reasoned:

"* * * Plaintiff checked the box next to 'subcontractor,' which, in nonstatutory parlance, Rodgers was. The statutory definition of 'construction agent' in ORS 87.005(3), however, includes only a contractor, architect, builder or other person having charge of construction; it does not

---

[1] " 'Subcontractor' means a contractor who has no direct contractual relationship with the owner." ORS 87.005(11).

[2] There is a substantial body of legislative history concerning the 1975 changes in the lien law. The changes came about as a result of a study by a special committee appointed by the law improvement committee; however, no report was issued by this subcommittee and we have found nothing in the history that is of any assistance on this particular problem.

[3] *Anderson v. Turpin*, 172 Or 420, 426-427, 142 P2d 999 (1943); *Anderson v. Chambliss*, 199 Or 400, 408-413, 262 P2d 298 (1953).

include the term 'subcontractor.' Given those circumstances, we construe the use of the term 'subcontractor' in the lien claim as coming under the statutory category of 'other person in charge of construction' and that the Complaint, then, alleges that Rodgers was such 'other person.' " 47 Or App at 601, n 2.

We agree with this holding. In the claim for lien, the phrase "having charge of the work" modifies "subcontractor" and "contractor" as well as "other person." A subcontractor can be a person "having charge of the work."

Defendants principally attack the reasoning of the Court of Appeals on the ground that one having charge of construction "must have such authority and responsibility at the site of the improvement." Defendants argue this is necessary because ORS 87.005(1) provides:

" 'Commencement of the improvement' means the first actual preparation or construction upon the site or the first delivery to the site of materials of such substantial character as to notify interested persons that preparation or construction upon the site has begun or is about to begin."

In our opinion, the above-quoted statute has no reference to the problem. "Commencement of the improvement" is a phrase used in ORS 87.015 and 87.025. The former provides that the land is subject to a lien if the person who caused the improvement was the owner "at the time of the commencement of the improvement." ORS 87.025 provides that the lien is prior to other encumbrances attaching after "the time of commencement of the improvement."

On the other hand, ORS 87.005(3), defining construction agent to include contractor or "other person having charge of construction or preparation," is followed by subsection (4) which defines "contractor" as one who, among other things, provides "(a) Labor *at the site;* or (b) Materials, supplies and labor *at the site."* (Emphasis added.) If the legislature intended "other person having charge of construction" to only apply to a person who supplied labor at the site or had authority or responsibility at the site, it would seem reasonable that it would have added those requirements to "other person having charge of construction" just as it did to "contractor" in the next subsection.

We conclude that the complaint sufficiently designated Rodgers as "other person in charge of construction." It must be remembered that all we are concerned with is whether the complaint states a cause of suit: Whether Rodgers was a "person having charge of construction" will depend upon the proof.

The defendants also contend the complaint is defective because the notice given to the owner, which was made part of the complaint, is insufficient.

A supplier of materials to one other than the owner must give notice to the owner that it is delivering materials. ORS 87.021 provides:

"* * * * *.

"(2) The notice required by subsection (1) of this section shall state in substance:

"(a) That the person is delivering materials and supplies for use on the property;

"(b) The name of the person ordering the materials and supplies;

"(c) That a lien may be claimed for all materials and supplies delivered after a date which is 10 days before the notice was delivered or mailed;

"(d) That payment by the owner or lender to the contractor does not remove the right of the person furnishing materials or supplies to claim a lien against the property unless the person giving the notice is in fact paid; and

"(e) No further notice to the owner of this or any subsequent delivery is necessary.

"(3) A lien for material or supplies furnished shall not be enforced unless the notice required by subsection (1) of this section is given."

The notice plaintiff delivered did not state requirement (e); that is, "No further notice to the owner of this or any subsequent delivery is necessary." It did, however, state as required by (c) above, "You are further notified that a lien may be claimed for all such material and supplies so delivered after a date which is seven days before this notice is so delivered to you in person * * *."

The requirements of subparagraphs (c) and (e) are largely repetitive and for this reason we hold that the notice given "in substance" stated what the statute requires.

The notice provision is not new and it has a practical purpose. "When a lienor gives notice, it apprises the owner of the existence of certain responsibilities and enables the owner to protect himself in his dealings with other lienors." Galen, *Mechanics' Liens in Oregon,* 29 Or L Rev 308, 328 (1950).

The notice given performs this function. See *School Dist. No. 1 v. Rushlight & Co.,* 232 Or 341, 352-353, 375 P2d 411 (1962).

The defendants contend *Copeland Yards v. Taranoff,* 238 Or 167, 392 P2d 259 (1964), requires us to hold that if the statute is not literally complied with the lien must fail. We do not agree. In *Taranoff,* the statute required the notice to be sent "not later than seven days after the date of the first delivery" of materials. The notice was sent one day late and we properly held the statute was not complied with and the lien failed. In *Taranoff,* there could not be any contention that the statute had been substantially complied with as we conclude it was in the present case.

Affirmed.