Argued and submitted June 13, reversed and remanded on appeal, cross-appeal
dismissed as moot November 2, 1988

# NUCOR CORPORATION,
*Appellant - Cross-Respondent,*

*v.*

# MOHR CONSTRUCTION COMPANY,
*Defendant,*

# WESTERN PACIFIC ERECTORS et al,
*Respondents,*

# RIEDEL INTERNATIONAL, INC.,
*Respondent - Cross-Appellant.*

(85-11-15; CA A45028)

763 P2d 754

Charles R. Williamson, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was John H. Baker, Portland.

Joseph D. Cohen, Portland, argued the cause for respondents Western Pacific Erectors, American Insurance Company and respondent - cross-appellant Riedel International, Inc. With him on the brief was Stoel Rives Boley Jones & Grey, Portland.

Before Richardson, Presiding Judge, and Newman and Riggs, Judges.

RIGGS, J.

## RIGGS, J.

Plaintiff Nucor Corporation (Nucor) appeals a summary judgment entered in favor of defendant Riedel.[1] It argues that Mohr Construction Systems (Mohr), which sold custom-made structural steel components, is a "construction agent" under ORS 87.005(3), so that plaintiff, the manufacturer of the steel components, is entitled to an Oregon construction lien under ORS 87.010(1) and that a question of material fact remains on this issue. We reverse and remand on the appeal and dismiss the cross-appeal as moot.

Collar Construction Company (Collar) was the general contractor for the Krusewoods One Project (the project). Broadbent Development Company (Broadbent) is the owner of the project. Collar contracted with Riedel to furnish and erect steel components for the project. Riedel contracted with Mohr to provide the required structural steel components. Mohr then contracted with Nucor to engineer and fabricate the structural steel.

From the project's schematic architectural drawings, Mohr determined the size, quantities and configurations for the steel components and prepared erection drawings, which showed fitting and fabrication details. Mohr forwarded the specifications and drawings to the project architect for approval. Mohr then gave the approved specifications and drawings to Nucor for fabrication of the components. As the project progressed, changes were required in the configuration of various components. Mohr would work with Collar, Riedel and the project architect to accomplish on-site modifications where possible; if that failed, new requirements were communicated to Nucor for fabrication. Nucor would then ship the components to the project site, FOB: Nucor. Mohr bore the risk of loss in shipping and was responsible if the components were inadequate.

In June, 1986, after partially paying Nucor for the components, Mohr went out of business. When Mohr failed to pay in full, Nucor sent timely lien notice to Broadbent. Nucor then filed an action to foreclose its lien. Riedel paid Mohr all but $12,209.08, which Riedel retained under a provision in the

---

[1] Riedel International, Inc., Western Pacific Erectors and American Insurance Company, their insurer, are, for the purposes of this case, one defendant.

contract which gave it the right to retain payment for damage resulting from the assertion of any lien, claim or other liability.

The actions against seven defendants, including Broadbent and Collar, were dismissed with prejudice under a stipulation by Nucor, Riedel, and Mohr, the remaining parties. The trial court granted Riedel's Motion for Summary Judgment against Nucor. The court also granted Nucor's motion for judgment against Mohr.

■■■ Lien law is purely statutory, and the statute is strictly construed as to whom it applies. *Timber Structures, Inc. v. C.W.S. Grinding and Machine Works,* 191 Or 231, 246, 229 P2d 623 (1951).[2] To enforce its lien, Nucor must show that Mohr was a "construction agent," which is a catchall category that includes, among other things, an "other person having charge of construction." ORS 87.005(3). The relevant tests are the nature and extent of Mohr's involvement in fabrication of the steel structures and whether the fabrication was performed with special reference to the particular improvements on which the lien is claimed. *Steel Products v. Portland General Electric Company,* 47 Or App 597, 603, 615 P2d 344, *aff'd* 291 Or 41 (1981).

There is no dispute but that the steel components were specially fabricated for the project, but the parties do dispute the extent to which Mohr was responsible for independently determining the requirements of the contract and what Mohr's obligations were. It is not important that Mohr did not do the metal fabrication itself, but instead contracted with Nucor for the labor and materials. What is crucial is what Mohr's rights, duties and obligations were under the Riedel-Mohr contract. It would be sufficient for Nucor to show that Mohr had "the right to control the means, method and manner of accomplishing the result desired for the finished product, albeit pursuant to plans and specifications provided by

---

[2] ORS 87.010(1) provides, in part:

"Any person performing labor upon, transporting or furnishing any material to be used in * * * the construction of any improvement shall have a lien upon the improvement for the * * * material furnished * * * at the instance of the owner of the improvement or his construction agent."

the owner." *Steel Products v. Portland General Electric Company, supra,* 47 Or App at 604. That is what Nucor has alleged and what remains to be determined by a factfinder.

Defendant Reidel's cross-appeal of the trial court's award of attorney fees, costs and disbursements to Reidel is moot.

Reversed and remanded on appeal; cross-appeal dismissed as moot.